Reginald JONES, Petitioner–Appellant,

v.

J.O. DAVIS, Warden, Respondent–Appellee.

No. 89–7745.

United States Court of Appeals, Eleventh Circuit.

July 19, 1990.

---

George Huddleston, Spanish Fort, Ala., for petitioner-appellant.

Andy S. Poole, Kenneth Nunnelley, Asst. Attys. Gen., Montgomery, Ala., for respondent-appellee.

Before FAY and JOHNSON, Circuit Judges, and GIBSON *, Senior Circuit Judge.

PER CURIAM:

Reginald Jones appeals the second denial, after remand for an evidentiary hearing, of his petition for a writ of habeas corpus. Because the magistrate, whose recommendation the district court adopted, misinterpreted this court's prior opinion, we REVERSE and REMAND for a grant of the writ.

An all-white jury convicted Jones, a black man, of burglary in the third degree. The assistant district attorney of Mobile County, Alabama, created this monochromatic jury by using seven of his nine peremptory strikes to dismiss all blacks from the jury venire. At the time of jury selection, Jones objected to the assistant district attorney's tactic and moved for a mistrial. The trial court denied the motion but granted Jones the opportunity to address the jury selection issue in a later evidentiary hearing.

Upon being convicted and sentenced, Jones moved the trial court for a new trial based in part on his allegation that the state's purposeful, deliberate and systematic use of its peremptory challenges to strike all black persons from his venire violated his constitutional right to trial by a fair and impartial jury. At the evidentiary hearing that followed, several local criminal defense attorneys supported Jones' motion, testifying that the Mobile County district attorney's office had a pattern and practice of excluding blacks from jury service, particularly when the defendant in the case was black. The assistant district attorney who prosecuted Jones also testified; he denied the existence of any policy of racial exclusion and explained his use of peremptory strikes thusly: "I didn't like the looks of those seven people and that's why I struck them." The trial court denied the motion for a new trial.

Jones appealed the state's use of peremptory challenges and the trial court's denial of a new trial to the Alabama Court of Criminal Appeals. That court affirmed his conviction without opinion and denied rehearing. Subsequently, the Supreme Court of Alabama denied Jones' petition for a writ of certiorari. Jones then filed a petition for habeas corpus in the United States District Court for the Southern District of Alabama, alleging that his conviction violates the Constitution or laws of the United States as a result of the assistant district attorney's racially exclusionary use of peremptory strikes. On the recommendation of the magistrate, the district court denied Jones' habeas petition, and Jones appealed to this court.

In *Jones v. Davis*, 835 F.2d 835 (11th Cir.) (per curiam), *cert. denied*, 486 U.S. 1008, 108 S.Ct. 1735, 100 L.Ed.2d 199 (1988), this court reversed the denial of Jones' petition, finding that in the state court evidentiary hearing Jones had met his initial burden of making a prima facie case under *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965),[1]

---

\* Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

**1.** We have decided that it is permissible to insulate from inquiry the removal of Negroes from a particular jury on the assumption that the prosecutor is acting on acceptable considerations related to the case he is trying, the particular defendant involved and the particular crime charged. But when the prosecutor in a county, in case after case, whatever the circumstances, whatever the crime and whoever the defendant or victim may be, is responsible for the removal of Negroes who have been selected as qualified

*overruled, Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), (*Swain* still controls cases in which conviction became final before *Batson* decided), and *Willis v. Zant,* 720 F.2d 1212 (11th Cir.1983), *cert. denied,* 467 U.S. 1256, 104 S.Ct. 3548, 82 L.Ed.2d 851 (1984),[2] of a pattern of systematic exclusion. Because the state court had restricted Jones from presenting additional evidence in support of his allegations and because the assistant district attorney had not availed himself of his right to rebut Jones' evidence, this court remanded the case to the district court "for an evidentiary hearing to be conducted pursuant to the guidelines established in *Willis v. Zant.*" *Jones,* 835 F.2d at 840 (citation omitted).

■■■■■ The magistrate conducted the *Willis v. Zant* evidentiary hearing on March 13–15, 1989. In his Recommendation, the magistrate states:

> Prior to [the] hearing, petitioner's counsel argued that the Eleventh Circuit in its opinion determined that petitioner made out a *prima facie* case under *Swain* at the state court evidentiary hearing and that this Court, accordingly, need only determine whether respondents could rebut the *prima facie* case.

This Court disagrees with petitioner's reading of the *Jones v. Davis* opinion, as had the appellate court found that petitioner established a *prima facie* case under *Swain,* it would not have remanded the case for a full evidentiary hearing under the guidelines established in *Willis v. Zant;* rather, it would simply have remanded the case for a hearing to determine whether the respondent could rebut petitioner's *prima facie* case. Having failed to do the latter, the Magistrate understands the appellate court as remaining unconvinced that petitioner proved a *prima facie* case under [*Swain* ].

R2–92–6–7. The magistrate concluded that the facts proved by Jones at the hearing did not make out a case under *Swain,* which recommendation the district court adopted.

We believe that the magistrate misconstrued the prior panel opinion. In *Jones v. Davis,* this court unequivocally states, "In *Willis v. Zant,* we set forth the method by which a petitioner may make out a prima facie case under the *Swain* standard and thus overcome the presumption that the prosecutor acted within the confines of the Fourteenth Amendment equal protection

---

jurors by the jury commissioners and who have survived challenges for cause, with the result that no Negroes ever serve on petit juries, the Fourteenth Amendment claim takes on added significance. In these circumstances, giving even the widest leeway to the operation of irrational but trial-related suspicions and antagonisms, it would appear that the purposes of the peremptory challenge are being perverted.... [T]he presumption protecting the prosecution may well be overcome. Such proof might support a reasonable inference ... that the peremptory system is being used to deny the Negro the same right and opportunity to participate in the administration of justice enjoyed by the white population.
380 U.S. at 223–24, 85 S.Ct. at 837–38 (citation omitted).

**2.** *Willis v. Zant* instructs district courts in this circuit on how to handle evidentiary hearings regarding the *Swain* issue. First, the petitioner has the occasion to prove on specific facts—that is, direct testimonial or indirect statistical evidence, but never mere allegation—that the prosecutor had a "systematic *and intentional* practice of excluding blacks from traverse juries in criminal trials through the exercise of peremp-

tory challenges, and that this practice continued unabated in petitioner's trial." *Id.* at 1220 (emphasis in original). While the petitioner need not demonstrate that the prosecutor invariably struck all black venirepersons presented, "the facts must manifestly show an intent on the part of the prosecutor to disenfranchise blacks from traverse juries in criminal trials in his circuit." *Id.* If the petitioner succeeds in making a prima facie case, the prosecutor can rebut either by showing that "'racially neutral selection procedures have produced the [historical and systematic] disparity,'" *id.* (quoting *United States v. Perez–Hernandez,* 672 F.2d 1380, 1387 (11th Cir. 1982) (quoting *Alexander v. Louisiana,* 405 U.S. 625, 631–32, 92 S.Ct. 1221, 1225–26, 31 L.Ed.2d 536 (1972))), or by showing that "neutral reasons for the striking of all the blacks in petitioner's trial itself" exist. *Id.* at 1221. In either type of rebuttal, mere assertions of good faith and intentions are insufficient to rebut a prima facie case. "This is not to say that testimony alone is per se insufficient. We believe, however, that if petitioner can show a prima facie case, 'testimony from the alleged discriminators should be viewed with a great deal of judicial scrutiny.'" *Id.* (quoting *Perez–Hernandez,* 672 F.2d at 1387).

clause.... We believe that Jones has met this initial burden." 835 F.2d at 838 (citation omitted). The earlier panel did not remand for a full *Willis v. Zant* hearing because it was unpersuaded that Jones had made his prima facie case; rather, the panel wished to afford Jones the opportunity to present the totality of his evidence without restriction as well as to give the assistant district attorney the chance to rebut Jones' prima facie case.

The magistrate was not free to reexamine this court's conclusion, which constituted the law of the case, that Jones established a prima facie case under *Swain*. *See Wheeler v. City of Pleasant Grove*, 896 F.2d 1347, 1350 (11th Cir.1990); *Barber v. International Bhd. of Boilermakers*, 841 F.2d 1067, 1070–71 (11th Cir.1988); *United States v. Robinson*, 690 F.2d 869, 872 (11th Cir.1982) (both district court and court of appeals bound by factual findings and legal conclusion made by court of appeals in prior appeal of same case). The magistrate, however, did have authority to evaluate the state's rebuttal evidence. This he did in a footnote, stating that "[i]n the instant case, were this Court to determine that petitioner proved a *prima facie* case under *Swain*, habeas relief would be in order as respondents have produced no rebuttal evidence." R2–92–6 n. 4. We find no error in this conclusion of the magistrate. Thus, since this court previously has found that Jones proved a prima facie case under *Swain* and since no evidence appears to rebut that prima facie case, we REVERSE the district court's denial of habeas corpus relief and REMAND for the granting of the writ and appropriate relief.