This is the second time that this case has been before this Court on certiorari review. The defendant, Joe Louis Harrell, was convicted in Mobile Circuit Court of possession of cocaine and other offenses. Harrell challenged his conviction in the Court of Criminal Appeals, based upon the rule of law stated inBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986). The Court of Criminal Appeals remanded the case with instructions for the trial court to determine whether the guidelines of Batson, as interpreted by this Court in Ex parteBranch, 526 So.2d 609 (Ala. 1987), had been followed. SeeHarrell v. State, 555 So.2d 257 (Ala.Crim.App. 1989). The State petitioned for a writ of certiorari, which we granted pursuant to Rule 39, A.R.App.P., and we affirmed the judgment remanding the case for a Batson hearing. See Harrell v. State,555 So.2d 263 (Ala. 1989).
On remand, the trial court determined that Harrell had made a prima facie showing of purposeful discrimination on the part of the prosecutor in selecting the jury and that the prosecutor had failed to present race-neutral reasons for challenging 5 of the 10 black jurors on the venire. On return to remand, the Court of Criminal Appeals vacated Harrell's conviction and remanded the case for a new trial. 571 So.2d 1269. The case is once again before this Court on certiorari review, pursuant to a petition filed by the State in which it argues that the following undisputed facts established, as a matter of law, that the prosecutor did not engage in purposeful discrimination when she struck the blacks from the jury venire: 1) The lawfully established venire consisted of 28 people, of whom 10 (35.7%) were black; 2) the prosecutor used 5 of her 8 peremptory challenges to strike blacks and the remaining 3 to strike whites; 3) defense counsel used all 8 of his peremptory challenges to strike whites from the venire; and 4) the jury that was ultimately empanelled consisted of 5 blacks, amounting to 41.7% of the jury (a greater percentage than was on the lawfully established venire), and 7 whites.
If these were the only facts Harrell relied on to raise an inference of discrimination, we would agree with the State and reverse the judgment of the Court of Criminal Appeals. As we explained in Harrell, supra, a defendant cannot prove a prima facie case of purposeful discrimination solely from the fact that the prosecutor struck one or more blacks from his jury. A defendant must offer some evidence in addition to the striking of blacks that would raise an inference of discrimination. When the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created. Logically, if statistical evidence may be used to establish a prima facie case of discrimination, by showing a discriminatory impact, Harrell, 555 So.2d 267, citingUnited *Page 1272 States v. David, 803 F.2d 1567, 1571 (11th Cir. 1986), then it should also be available to show the absence of a discriminatory purpose.
However, in addition to the foregoing, the record shows that the five blacks who were struck from the venire shared only one characteristic — their membership in the black race — and that in all other respects they were as heterogeneous a group as the community as a whole. For instance, three of the five blacks struck were men and two were women. Two of the men were employed, one as a helper at Moyer Allied and one as a mechanic at Auto Savings Tire Company. One of the women was a housewife, and the other was employed as a social service aide. The fact that the blacks struck include both men and women and that they were of a variety of ages, occupations, and social or economic conditions, indicates that race may have been the deciding factor. Harrell, supra, at 266. Furthermore, the prosecutor engaged in a rather limited voir dire, asking only whether any of the members of the venire had been the victim of a crime; whether any of them, or anyone in their immediate family or close circle of friends, had been charged with a crime; whether any of them had any religious beliefs that would effectively prevent them from sitting in judgment on Harrell; and whether any member of the venire thought that possession of marijuana or cocaine should not be a crime. The record fails to show that any of the five blacks responded to the prosecutor's questions in such a way as to give any insight into why they were stricken. The extent of the prosecutor's questions during voir dire and the responses of the venire members to those questions are also relevant in determining whether the prosecutor engaged in purposeful discrimination. Harrell, supra, at 266. Finally, we take judicial notice of Jones v. Davis, 906 F.2d 552 (11th Cir. 1990), in which the United States Court of Appeals, Eleventh Circuit, reversed the district court's denial of habeas corpus relief for Jones, noting that Jones had established a prima facie case of discrimination under Swain v.Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), on the part of the Mobile County district attorney's office and that that prima facie case had not been rebutted. The past conduct of the prosecutor in using peremptory challenges to strike all blacks from the jury venire is an important factor to be considered in determining whether an inference of discrimination exists. Harrell, supra, at 266. These additional facts, when considered in light of the fact that the prosecutor used five of her eight peremptory challenges to strike blacks from the venire, were sufficient to raise an inference of discrimination in the present case. See Harrell, supra, at 266-67, where this Court, quoting Ex parte Branch, discussed in detail the types of evidence that would suffice to make out a prima facie case of purposeful discrimination. Due to the considerable deference that the trial court's determination was due, we cannot say that the Court of Criminal Appeals erred in vacating Harrell's conviction and in remanding the case for a new trial.
For the foregoing reasons, the writ is quashed as improvidently granted.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.