I concur only in the result reached by the majority in Part I of its opinion.
The prosecutor used three of his peremptory strikes to remove blacks from the jury venire. Five blacks actually served on the jury. The prosecutor did not give a valid reason for striking venire person # 36. In fact, the prosecutor admitted that he did not know why he exercised that strike.
 "Judge, I struck 36 because — well, I've got to be honest with you. I don't really know why other than I had from my notes of yesterday that I had marked a no by her name. And I think it was just an impression that she made. I don't know if she would have made a good juror or anything. I don't really know. He had a question mark [sic]." R. 18-19.
I find no violation of Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Ex parte Branch,526 So.2d 609 (Ala. 1987), in this particular case because therewere five blacks on the jury.
 "A defendant must offer some evidence in addition to the striking of blacks that would raise an inference of discrimination. When the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created. Logically, if statistical evidence may be used to establish a prima facie case of discrimination, by showing discriminatory impact, Harrell [v. State], 555 So.2d [263], 267 [(Ala. 1989)], citing United States v. David, 803 F.2d 1567, 1571 (11th Cir. 1986), then it should also be available to show the absence of a discriminatory purpose."
Harrell v. State, 571 So.2d 1270, 1271-72 (Ala. 1990). See alsoEx parte Bird and Warner, 594 So.2d 676 (Ala. 1991). *Page 1010