The appellant, Otto Bennett, was convicted of assault in the first degree, a violation of § 13A-6-20, Code of Alabama. The appellant was sentenced to life imprisonment.
The state's evidence tended to show that on January 17, 1993, the appellant was working as a bouncer at the Little Harlem Club, a nightclub in Opp, Alabama. A dispute occurred during the evening between two patrons, Rosetta Townsend and Sabrina Phillips. When the dispute arose, the appellant turned the lights on in the club and told the patrons that they could not fight in the club. The appellant was then attacked by Rosetta Townsend and other patrons, who witnesses identified as Otis Reed, Debra Russell, and Eric Sapp. Ultimately, the appellant drew a gun and fired one shot, which struck and killed Eric Sapp.
The appellant asserts that the State used its peremptory strikes in a racially discriminatory *Page 175 
matter to exclude black veniremembers from the jury. After the jury was struck, defense counsel objected to the state's peremptory strikes, stating that its strikes had violated the United States Supreme Court's holding in Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
In Batson, the United States Supreme Court held that the Equal Protection Clause of the Fourteenth Amendment prohibits peremptory strikes based solely on race. Batson has been extended to white criminal defendants, Powers v. Ohio,499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), to defendants in civil cases, Edmonson v. Leesville Concrete Co., 500 U.S. 614,111 S.Ct. 2077, 114 L.Ed.2d 660 (1991), to strikes by defense counsel in criminal trials, Georgia v. McCollum, 505 U.S. 42,112 S.Ct. 2348, 120 L.Ed.2d 33 (1992), and most recently, to gender-based strikes, J.E.B. v. Alabama, ___ U.S. ___,114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). The Alabama Supreme Court has also extended Batson to the striking of white veniremembers. White Consolidated Industries, Inc. v. AmericanLiberty Insurance Co., 617 So.2d 657 (Ala. 1993).
In this case, the trial court, although questioning whether the appellant had established a prima facie case of purposeful discrimination, requested the state to respond to the appellant's claim. The state then used statistical evidence to show that there was no discriminatory intent in its striking procedure. According to the record, the original jury list consisted of 69 veniremembers. That list was then narrowed to 44 veniremembers, 9 of whom were black. Defense counsel and the prosecutor each had, therefore, 16 peremptory strikes. The prosecutor used 6 of its preemptory strikes to remove 6 of the 9 black veniremembers. Defense counsel did not strike any of the black veniremembers. As a result, of the 12 jurors, 3 or 25% were black.
This court has formerly relied on the Alabama Supreme Court case of Harrell v. State, 571 So.2d 1270, 1271 (Ala. 1990), cert. denied, 499 U.S. 984, 111 S.Ct. 1641, 113 L.Ed.2d 736
(1991), which held: "When evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created."
However, recently, the Alabama Supreme Court, in Ex parteThomas, 659 So.2d 3 (Ala. 1994), held that a defendant can "make a prima facie case of discrimination by showing that the prosecutor used a large number of his peremptory challenges to engage in a pattern of striking blacks from the venire, even though a higher percentage of blacks ultimately sat on the jury than on the venire." In Thomas, the Alabama Supreme Court stated that since the release of Harrell, a prima facie case of discrimination could be established "[s]olely on the fact that a prosecutor used a large number of peremptory challenges to strike black veniremembers."
In Thomas, the Court disapproved of the above statement inHarrell. The Thomas court held:
 "Because of the statement in Harrell II, a prosecutor wishing to strike blacks on a racially discriminatory basis may do so as long as he or she strikes less than a certain number so that a higher percentage of blacks sits on the jury than sat on the venire and as long as he or she engages in no overt discrimination to otherwise establish a prima facie case."
659 So.2d 3. The Alabama Supreme Court in Thomas, has now rejected the holding in Harrell. The Thomas court pointed out that this language in Harrell allowed "[a] skilled but racially biased attorney . . . . to manipulate the strike process so as to be able to strike a few blacks from the venire on the basis of race, and yet not be called to account for the racially based strikes, as long as some blacks were left on the jury."
Here, the trial court found that the appellant failed to present a prima facie case of discrimination. The record shows that the court denied defense counsel's Batson motion solely because a greater percentage (25%) of black jurors sat on the jury than were on the venire. This ruling was in error based onThomas. *Page 176 
In light of the Alabama Supreme Court's holding in Ex parteThomas, we have no choice but to remand this case to the Circuit Court for Covington County so that that court can conduct a new Batson hearing.
Due return should be filed in this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.