MONTIEL, Judge.
The appellant, Novel Beau Hodge, was indicted for manslaughter in violation of § 13A-6-3(a)(l), Code of Alabama 1975. Hodge applied for and was denied youthful offender status. A jury found Hodge guilty as charged in the indictment, and the trial court sentenced him to 30 years in prison as a habitual offender.
Hodge contends the trial court erred in refusing to require the prosecution to give reasons for its peremptory challenges after he made a motion based on Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The record shows that the appellant is black and the victim was white. In making his Batson motion, Hodge pointed out that the State used five of its seven peremptory challenges to remove blacks from the jury. Hodge alleges that race was the deciding factor in the State making the strikes. The record shows that the venire was approximately 40% black, and the jury was approximately 38% black. The trial court found that Hodge had not established a prima facie case of discrimination, and it did not require the State to give explanations for its strikes.
The State argues that because the ratio of blacks to whites on the jury was about the same as the ratio of blacks to whites on the venire, there could be no prima facie showing of discrimination. The State, in its brief to this court, relies heavily upon dicta in Harrell v. State, 571 So.2d 1270, 1271 (Ala.1990), which says, “[w]hen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created.” The Alabama Supreme Court has expressly disapproved of this language, however. Ex parte Thomas, 659 So.2d 3 (Ala.1994).
Therefore, evidence that the prosecutor struck several blacks from the venire, even if there is a greater percentage of blacks on the jury than were on the venire, must be considered in determining whether the defendant proved a prima facie case of discrimination. In this case, the trial court based its denial of Hodge’s Batson motion at least in part on the fact that the ratio of blacks to whites on the venire and the jury were almost equal, relying on the now-disfavored language in Harrell.
*959 Therefore, we remand this cause to the circuit court for an evidentiary hearing to determine whether Hodge established a pri-ma facie case of racial discrimination by the State in the exercise of its peremptory strikes. If the trial court finds that Hodge established a prima facie case, the State must give its reasons for its strikes. The circuit court is directed to file a return within 60 days of the date of this opinion, and include with its written findings and conclusions any testimony taken.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.