MONTIEL, Judge.
This court’s opinion of July 8, 1994, is withdrawn and the following opinion is substituted therefor.
The appellant, Eric Lester Story, was indicted for first-degree robbery, a violation of § 13A-8-41, Code of Alabama 1975. A jury found Story guilty as charged, and the trial court sentenced him as a habitual offender to life in prison without the possibility of parole.
Story contends that the trial court erred by not requiring the State to give its reasons for striking blacks from the jury venire. He argues that he made a prima facia showing of racial discrimination by showing that the State used a higher percentage of strikes to remove blacks from the jury than the percentage of blacks in the original venire.
The record shows that there were 27 people on the venire. Of the 27, 12, or about 45%, were black. Of the 13 jury members (including alternate), 8, or about 62% were black. The State used 4 of its 7 strikes, or about 57%, to remove blacks from the venire.
In denying Story’s motion, made pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the trial court said:
“Well, just for the record, there were 12 blacks on the jury panel, not counting the extras. All the extras were black but, of course, they didn’t get into the normal panel. The state did strike — use four of their seven strikes to strike blacks which means, of course, that there’s still eight blacks on this jury.
“I would also say for the record that Mr. Esdale has been trying eases in this court for a long time and has not shown any pattern of using his strikes in an unconstitutional manner. And based on those factors and my observations during the voir dire, I’m going to deny your motion.”
The Alabama Supreme Court has expressly disapproved of the dicta in Harrell v. State, 571 So.2d 1270, 1271 (Ala.1990), that “[w]hen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created.” Ex parte Thomas, 659 So.2d 3, 3 (Ala.1994). Therefore, evidence that the prosecutor used large percentages of his peremptory strikes to remove blacks from the venire, even though a greater percentage of blacks sat on the jury than were on the venire, must be considered by the trial court in determining whether the defendant proved a prima facie case of racial discrimination and thereby shifted the burden to the prosecution to provide reasons for the strikes.
The trial court’s denial of Story’s Batson motion seems based at least in part on the dicta in Harrell that is now disapproved. The trial court should have considered evidence that the prosecution used four of its seven strikes to remove blacks from the jury in determining whether Story proved a prima facie case of racial discrimination. Ex parte Thomas, supra. Therefore, we remand this cause to the circuit court for an evidentiary hearing to determine whether Story established a prima facie case that the State exercised its strikes in a racially discriminatory manner. If the trial court finds that Story established a prima facie case, the State must give its reasons for its strikes. The circuit court is directed to file a return within 60 days, and in that return to include any testimony taken, as well as the court’s written findings and conclusions.
ORIGINAL OPINION WITHDRAWN. OPINION SUBSTITUTED. REMANDED WITH INSTRUCTIONS.
All the Judges concur.