McMILLAN, Judge.
The appellant was convicted on two counts of capital murder. See § 13A-5-40(a)(10), Code of Alabama 1975. He was sentenced to life imprisonment without parole on each count.
The appellant argues that the trial court erred in denying his motion based on Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Specifically, he argues that he established a prima facie case of racial discrimination when he demonstrated that the State struck four of the nine black veniremembers.
The following colloquy took place between defense counsel and the trial court:
“THE COURT: All right. Gentlemen, strikes have been exercised. Again, we have not during voir dire, we have not identified jurors by race or sex. It’s pretty obvious from their names as to sex. But we have not identified them by race as far as voir dire.
“My observations are though at the time we commenced the exercise of peremptory challenges we had 36 jurors available. And of that number there were nine black jurors, is that correct?
“[Defense counsel]: Yes, sir.
“THE COURT: The State exercised 12 peremptory challenges, and of those 12 they excused 4 black jurors. The defense exercised 12 peremptory challenges and of those they exercised — 2 were used to remove black jurors.
“The current make-up of the 12 primary jurors now is 9 white and 3 black jurors with 2 white female alternate jurors seated, but not on the jury that is the primary jury, is that a fair statement of the statistics so to speak?
“[Defense counsel]: Yes, sir.
“THE COURT: Does the defendant want to be heard in regard to the State’s exercise of peremptory challenges?
“(Off the record.)
“[Defense counsel]: Yes, Judge, the defendant would raise a Batson motion on the usual grounds that the number of blacks on the venire is underrepresented. And that the State used its challenges in a racially discriminatory way.
“THE COURT: I will find the make-up of the jury reflects almost to the percent the make-up of the venire from which we struck. Those being the same, I think the courts have held there can be no prima facie showing of discrimination. I will say this, having observed and heard voir dire that the jurors were quite candid in their statements to the court.
“And the court can easily see why, for example, the defendant struck two black jurors and why the State exercised some of their peremptory challenges in such a way.
“I will find there is no prima facie case made and I will deny your motion to quash *1361 the venire on what’s been referred to as the Batson motion, [defense counsel].”
Recently, the Alabama Supreme Court, in Ex parte Thomas, 659 So.2d 3 (Ala.1994), addressed the question whether a defendant can establish a prima facie ease solely on the fact that a prosecutor used a large number of his peremptory challenges to strike black veniremembers. In Thomas, the court disapproved of the following dictum in Harrell v. State, 571 So.2d 1270, 1271-72 (Ala.1990), cert. denied, 499 U.S. 984, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991): “When the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created.”
The Thomas court stated:
“A skilled but racially biased attorney could learn to manipulate the strike process so as to be able to strike a certain number of blacks from the venire on the basis of race, and yet not be called to account for the racially based strikes, as long as some blacks were left on the jury. Such a result should not be approved.
“ ‘ “[A] prima facie case may be made where relevant circumstances indicate an inference of purposeful race discrimination no matter that one or more black persons may remain on the jury.” United States v. Wilson, 884 F.2d 1121,1123 (8th Cir.1989). “The striking of one ven-ireperson for a racial reason violates the Equal Protection Clause, even when valid reasons for striking some black jurors are shown.” Williams v. State, 548 So.2d 501, 507 (Ala.Crim.App.1988), cert. denied, 489 U.S. 1028 [109 S.Ct. 1159, 103 L.Ed.2d 218 (1989) ] ... (1989). “Of course, the fact that blacks are ultimately seated on the jury does not necessarily bar a finding of discrimination under Batson [,] see [United States v.] Battle, 836 F.2d [1084] [at] 1086 [(8th Cir.1987) ], but the fact may be taken into account in a review of all the circumstances as one that suggests that the government did not seek to rid the jury of persons who shared the defendant’s race.” United States v. Young-Bey, 893 F.2d 178,180 (8th Cir.1990).’
“Mitchell v. State, 579 So.2d 45, 48 (Ala.Crim.App.1991), cert. denied, 596 So.2d 954 (Ala.1992).
“ ‘[T]he Equal Protection Clause prohibits a prosecutor from using the State’s peremptory challenges to exclude otherwise qualified and unbiased persons from the petit juror solely by reason of their race, a practice that forecloses a significant opportunity to participate in civic life. An individual juror does not have a right to sit on any particular petit jury, but he or she does possess the right not to be excluded from one on account of race.’
“Powers v. Ohio, 499 U.S. 400, 409 [111 S.Ct. 1364, 1370, 113 L.Ed.2d 411 (1991) ] (emphasis added [in Ex parte Thomas ]).”
“The language in [Harrell v. State, 571 So.2d 1270 (Ala.1990) ] Harrell II has unfortunately resulted in a possibility that prosecutors may violate the Equal Protection Clause and exclude blacks from jury service solely on the color of their skin. We disapprove the statement in Harrell II indicating that ‘[w]hen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created,’ 571 So.2d at 1271, to the extent that it has been construed to preclude a finding of a prima facie Batson violation where the attorney engaged in a pattern of striking blacks from the venire. We disapprove this statement in Harrell II as it has been applied in these instances, because such applications prevent a defendant from using a factor indicating discrimination that was approved in both [Ex parte] Branch [526 So.2d 609 (Ala.1987)] and Batson. Such an application was not the Court’s intent. In Ex parte Bird, 594 So.2d 676 (Ala.1991), decided more than a year after Harrell II, this court did not construe the dictum of Harrell II to mean that a defendant cannot make a prima facie case if the percentage of blacks on the jury is greater than the percentage that was on the venire. Instead, the Bird *1362 Court stated only that such a statistical showing weakens a prima facie case. See 594 So.2d at 680-81.”
659 So.2d at 7-8. (Emphasis in original.)
In this case, the trial court’s response to defense counsel’s Batson motion indicates that it relied on the statement in Ex parte Harrell, supra, that was expressly disapproved in Ex parte Thomas, as the basis for its ruling that the fact that the State used its peremptory strikes to remove four of nine black veniremembers insufficient to establish a prima facie case of racial discrimination; hence, the trial court erred in denying the Batson motion on this basis.
Therefore, based on Ex parte Thomas, supra, we remand this cause for the trial court to conduct a Batson hearing at which the prosecution should be required to give its reasons for its strikes. The trial court shall file a return to remand on the Batson hearing within 45 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.