ON APPLICATION FOR REHEARING
This Court's opinion of September 30, 1994, is hereby withdrawn and this opinion is substituted therefor.
The appellant was convicted of murder, a violation of §13A-6-2, Code of Alabama 1975, and was sentenced to life imprisonment.
The appellant argues that the trial court erred in denying his motion based on Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Specifically, he argues that he established a prima facie case of racial discrimination by demonstrating that the State struck 7 of the 16 black veniremembers. *Page 55 
The following colloquy between the defense attorney, the prosecutor, and the trial court is pertinent to the resolution of this issue:
 "[Defense counsel]: Judge, I would like to make a Batson motion before we start.
"THE COURT: Okay.
 "[Defense counsel]: Your Honor, in striking the jury there were sixteen prospective black venirepersons.
"THE COURT: Sixteen?
"[Defense counsel]: Yes, sir. . . .
"THE COURT: Is that all?
 "[Prosecutor]: The jury is composed — ten to thirteen people on the jury would be blacks and we don't think that makes a prima facie case.
 "THE COURT: The Court agrees with the State of Alabama and finds no prima facie showing of racially discriminatory strikes and motion is denied. Are we ready now?"
Recently, the Alabama Supreme Court, in Ex parte Thomas,659 So.2d 3 (Ala. 1994), addressed the question whether a defendant can establish a prima facie case solely on the fact that a prosecutor used a large number of his peremptory challenges to strike black veniremembers. In Thomas, the court expressed disapproval of the following dicta in Harrell v. State,571 So.2d 1270, 1271-72 (Ala. 1990), cert. denied, 499 U.S. 984,111 S.Ct. 1641, 113 L.Ed.2d 736 (1991): "[w]hen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created."
The Thomas court stated:
 "A skilled but racially biased attorney could learn to manipulate the strike process so as to be able to strike a few blacks from the venire on the basis of race, and yet not be called to account for the racially based strikes, as long as some blacks were left on the jury. Such a result should not be approved.
 " ' "[A] prima facie case may be made where relevant circumstances indicate an inference of purposeful race discrimination no matter that one or more black persons may remain on the jury." United States v. Wilson, 884 F.2d 1121, 1123 (8th Cir. 1989). "The striking of one venireperson for a racial reason violate[s] the Equal Protection Clause, even when valid reasons for striking some black jurors are shown." Williams v. State, 548 So.2d 501, 507
(Ala.Crim.App. 1988), cert. denied, 489 U.S. 1028, 109 S.Ct. 1159, 103 L.Ed.2d 218 . . . (1989). "Of course, the fact that blacks are ultimately seated on the jury does not necessarily bar a finding of discrimination under Batson [,] see [United States v.] Battle, 836 F.2d [1084] [at] 1086 [(8th Cir. 1987)], but the fact may be taken into account in a review of all the circumstances as one that suggests that the government did not seek to rid the jury of persons who shared the defendant's race." United States v. Young-Bey, 893 F.2d 178, 180 (8th Cir. 1990).'
 "Mitchell v. State, 579 So.2d 45, 48
(Ala.Crim.App. 1991), cert. denied, 596 So.2d 954 (Ala. 1992).
 " '[T]he Equal Protection Clause prohibits a prosecutor from using the State's peremptory challenges to exclude otherwise qualified and unbiased persons from the petit jury solely by reason of their race, a practice that forecloses a significant opportunity to participate in civic life. An individual juror does not have a right to sit on any particular petit jury, but he or she does possess the right not to be excluded from one on account of race.'
 "Powers v. Ohio, 499 U.S. 400 at 409, 111 S.Ct. 1364 at 1370, 113 L.Ed.2d 411 (1991) (emphasis added [in Ex parte Thomas]).
 "The language in Harrell [v. State, 571 So.2d 1270 (Ala. 1990); cert. denied, 499 U.S. 984
[111 S.Ct. 1641, 113 L.Ed.2d 736] (1990) (Harrell II)] has unfortunately resulted in a possibility that prosecutors may violate the Equal Protection Clause and exclude blacks from jury service solely on the color of their skin. We disapprove the statement in Harrell II indicating that '[w]hen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat *Page 56 
on the lawfully established venire, an inference of discrimination has not been created,' 571 So.2d at 1271, to the extent that it has been construed to preclude a finding of a prima facie Batson violation where the attorney engaged in a pattern of striking blacks from the venire. We disapprove this statement in Harrell II as it has been applied in these instances, because such applications prevent a defendant from using a factor indicating discrimination that was approved in both Branch and Batson. Such an application was not the Court's intent. In Ex parte Bird, 594 So.2d 676 (Ala. 1991), decided more than a year after Harrell II, this Court did not construe the dictum of Harrell II to mean that a defendant cannot make a prima facie case if the percentage of blacks on the jury is greater than the percentage that was on the venire. Instead, the Bird Court stated only that such a statistical showing weakens a prima facie case. See
594 So.2d at 680-81." 659 So.2d at 7-8 (emphasis in original).
Because the trial court improperly relied on numbers alone in determining that the defense had failed to establish a prima facie case of discrimination, we must remand this cause for the trial court to follow the proper guidelines and evaluate the relevant factors in determining whether a prima facie case of discrimination existed. Ex parte Branch, 526 So.2d 609
(Ala. 1987). If the trial court determines that a prima facie case of discrimination did exist, then the prosecutor must come forward with race-neutral reasons for his strikes, which the trial court must then evaluate. The trial court's findings and conclusions of law are to be forwarded to this Court within 45 days of the date of this opinion. If the trial court finds that no prima facie case of discrimination is established, then the trial court must forward to this Court this conclusion and its findings relating thereto within 45 days of the date of this opinion.
APPLICATION GRANTED; RULE 39(K) MOTION DENIED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REMANDED WITH INSTRUCTIONS.
All Judges concur.