MONTIEL, Judge.
The appellant, Ronzie Lee McRath, was indicted for murder made capital for an intentional killing during the course of a robbery in violation of § 13A-5-40(a)(2), Code of Alabama 1975. A jury found McRath guilty of the lesser included offenses of murder and robbery in the first degree. The trial court then sentenced McRath to two consecutive terms of life in prison.
McRath contends that the trial court erred in denying his motion based on Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), because, he says, the State was allowed to “shield itself behind the use of percentages” and, he argues, his constitutional rights were thereby violated. In denying McRath’s Batson motion, the trial court ruled as follows:
“Okay. The court finds that based on review of the striking process the percentages that I’ve already read into the record, essentially what has happened is even though we started with a lower percentage of black representation on the available venire as a whole, through the striking process we have actually doubled the percentage participation of black juror members on the panel that resulted or that was selected rather for the trial of this ease. And in doing that that panel now well exceeds the accepted demographics of the last — of the 1990 census. That does not make out a prima facie showing and motion will be denied.”
The Alabama Supreme Court has expressly disapproved of the following dicta in Harrell v. State, 571 So.2d 1270, 1271 (Ala.1990) cert. denied, 499 U.S. 984, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991): “[w]hen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created.” Ex parte Thomas, 659 So.2d 3, 5 (Ala.1994). Therefore, evidence that a greater percentage of blacks sat on the jury than were on the venire does not relieve the trial court from determining whether the defendant has established a prima facie case of racial discrimination.
From the record, the trial court’s denial of MeRath’s Batson motion appears to be based on the dicta in Harrell that has now been disapproved. The trial court cannot base its determination of whether a prima facie case of discrimination was established solely on a comparison of the percentage of blacks on the jury to the percentage of blacks on the venire. Ex parte Thomas, supra.
Therefore, we remand this cause to the trial court for an evidentiary hearing to determine whether McRath established a prima facie case of racial discrimination in the State’s exercise of its strikes. If the trial court finds that McRath established a prima facie case, the State must give its reasons for its strikes, and the trial court will determine whether those reasons are race neutral. The trial court is directed to file a return to this court within 60 days, and to include in that return any testimony taken, as well as the court’s written findings and conclusions.
*876 REMANDED WITH INSTRUCTIONS. 
All the Judges concur.