MONTIEL, Judge.
The appellant, Curtis Lee Eason, was indicted for murder in violation of § 13A-6-2, Code of Alabama 1975. A jury found Eason guilty as charged, and the trial court sentenced him to 25 years in prison.
On appeal, Eason argues that the trial court erred in finding that he did not establish a prima facie showing that the State exercised its peremptory strikes in a racially discriminatory manner, in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The record shows that of the 27 members of the venire, eight were black. The State used three of its seven strikes to remove blacks from the jury. Ea-son then made a Batson motion. In finding that Eason had not established a prima facie ease that the State used its peremptory challenges in a racially discriminatory manner, the trial court said, “[Wjhile stats don’t tell the story much, the venire was made up of a thirty percent minority and the jury exceeds that.”
The Alabama Supreme Court has expressly disapproved of the following dicta in Harrell v. State, 571 So.2d 1270, 1271 (Ala.1990) cert. denied, 499 U.S. 984, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991): “[wjhen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created.” Ex parte Thomas, 659 So.2d 3, 6 (Ala.1994). The Court held that a mere showing that a prosecutor struck blacks, even if the percentage of blacks on the jury is greater than the percentage of blacks on the venire, may be enough to establish a prima facie case of discrimination.
In this case, the trial court’s denial of Eason’s Batson motion seems based on the dicta in Harrell that is now disapproved. The trial court cannot base its determination of whether a prima facie case of discrimination was established solely on a comparison of the percentage of blacks on the jury to the percentage of blacks on the venire. Ex parte Thomas, supra.
Therefore, we remand this cause to the trial court for an evidentiary hearing to determine whether Eason established a pri-ma facie case of racial discrimination in the State’s exercise of its strikes. If the trial court finds that Eason established a prima facie case, the State must give its reasons for its strikes, and the trial court will determine whether those reasons are race neutral. The trial court is directed to file a return to this court within 60 days, and to include in that return any testimony taken, as well as the court’s written findings and conclusions.
REMANDED WITH INSTRUCTIONS. 
All the Judges concur.