MONTIEL, Judge.
The appellant, Willie George Mack, Jr., was indicted for murder, • a violation of § 13A-6-2, Code of Alabama 1975. A jury convicted him of the lesser included offense of manslaughter, and the trial court sentenced him to 25 years in prison.
Mack contends that the trial court violated Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), because the court did not require the State to give race-neutral reasons for striking two blacks from the jury. In denying Mack’s Batson motion, the trial court found that Mack had not made a prima facie case that the State had used its peremptory challenges in a discriminatory fashion, saying:
“[T]he percentage going into the jury selection was 40% black. After the jury selection process was completed that was raised to 46%. The defense struck more members of the black race than the State. State struck two, the defense struck three. If the appellate courts want to reverse it on that basis, I will let them sign their names to it.
“I will overrule because I don’t think you have made a prima facie case. If they overrule it on that, I want to know who signs it.”
The Alabama Supreme Court has expressly disapproved of the following dicta in Harrell v. State, 571 So.2d 1270, 1271 (Ala.1990), that “[wjhen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created.” Ex parte Thomas, 659 So.2d 3 (Ala.1994). Therefore, evidence that the prosecutor struck blacks from the venire, even though a greater percentage of blacks sat on the jury than were on the venire, is a factor the trial court must consider in determining whether the defendant proved a prima facie case of discrimination.
*1237 We sympathize with the trial court when it says that peremptory challenges have reached a “state of idiotic proportions.” In fact, we agree with Justice Houston’s concurring opinion in Thomas that, for all practical purposes, there is no more peremptory challenge. Ex parte Thomas, (Houston, J., concurring in the result) 659 So.2d 3 (Ala.1994), citing J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). In his concurrence, Justice Houston stated, “I read J.E.B. as requiring a nongen-der, nonrace reason for striking any juror that is struck, and as requiring no prima facie showing of gender (sex) or racial discrimination before a disclosure of reason is required.” Id.
[2,3] This case is similar to Thomas in that the trial court’s denial of Mack’s Batson motion is based at least in part on the dicta in Harrell that has now been disapproved. The trial court cannot consider the percentage of blacks on the jury compared to the percentage of blacks on the venire as the sole basis for determining whether Mack has made a prima facie case of discrimination. Ex parte Thomas, supra. Therefore, we remand this cause to the circuit court for an evidentiary hearing to determine whether Mack established a prima facie case that the State used its strikes in a racially discriminatory manner. If the trial court finds that Mack established a prima facie case, the State must be required to give its reasons for its strikes. The circuit court is directed to file a return to this court within 60 days of this opinion, and include with that any testimony taken at the evidentiary hearing, as well as the court’s written findings and conclusions.
REMANDED WITH INSTRUCTIONS. 
All the Judges concur.
BOWEN, P.J., concurs in the result only.