MONTIEL, Judge.
The appellant, Christopher Bishop, was indicted for murder in violation of § 13A-6-2, Code of Alabama 1975. A jury found Bishop guilty of the lesser included offense of manslaughter. The trial court sentenced Bishop to 16 years in prison.
Bishop claims that the trial court violated Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), because, he says, the court did not require the State to give reasons for its jury strikes. In denying Bishop’s Batson motion, the trial court found that Bishop had not made a prima facie case of discrimination because he did not show that the district attorney had a history of discriminatory striking of juries. Further, the record shows that the trial court found that because the percentage of blacks serving on the jury was higher than the percentage of blacks on the venire, an inference of discrimination was not raised.
We hold that the trial court erred in finding that in order to prove a prima facie case of racial discrimination in the striking of jurors, the defendant must establish a history of discriminatory striking of jurors by the prosecution. In Ex parte Branch, 526 So.2d 609, 622-23 (Ala.1987), the Alabama Supreme Court set out types of evidence that “are illustrative of the types of evidence that can be used to raise the inference of discrimination.” One of the factors that can be considered by the court is “past conduct of the state’s attorney in using peremptory challenges to strike all blacks from the jury venire.” Ex parte Branch, 526 So.2d at 623. However, a defendant is not required to show that particular factor, or any other particular factor from the list of illustrative evidence, before the trial court can proceed with the Batson hearing.
The Alabama Supreme Court has expressly disapproved of the following dictum in Harrell v. State, 571 So.2d 1270, 1271 (Ala.1990), cert. denied, 499 U.S. 984, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991): “[w]hen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created.” Ex parte Thomas, 659 So.2d 3 (Ala.1994). Therefore, evidence that a greater percentage of blacks sat on the jury than were on the venire does not relieve the trial court from determining whether the defendant has established a pri-ma facie case of discrimination.
This case is similar to Ex parte Thomas in that the trial court’s denial of Bishop’s Bat-son motion was based, at least in part, on the dicta in Harrell that the Alabama Supreme Court has now disapproved. The trial court cannot base its determination of whether Bishop has established a prima facie case of discrimination solely on a comparison of the percentage of blacks on the jury as to the percentage of blacks on the venire in determining. Ex parte Thomas, supra.
For the reasons set forth above, we remand this cause to the circuit court for an evidentiary hearing to determine whether Bishop established a prima facie case of racial discrimination. If the trial court finds Bishop established a prima facie ease, the State must give its reasons for its strikes. The circuit court is directed to file a return within 60 days, and to include in that return any testimony taken, as well as the court’s written findings and conclusions.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.