McMILLAN, Judge.
The appellant, Mark William Wood, appeals his conviction of burglary in the third degree, in violation of § 13A-7-7, Code of Alabama 1975. He was sentenced to 15 years’ imprisonment and was ordered to pay $50 to the crime victims compensation fund.
The appellant argues that the trial court erred in denying his motion based on Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Specifically, he argues that he established a prima facie case of racial discrimination by demonstrating that the State struck a black veniremember who failed to answer any questions presented by the State during voir dire examination.
The following colloquy between the defense attorney and the trial court is pertinent to the resolution of this issue:
“[Defense counsel]: Your Honor, I would make a motion pursuant to Batson v. Kentucky regarding the State’s use of peremptory strikes. We would submit that the State’s strike of Juror Number 41, ..., he’s a black male, could only be based on either a — his race or sex since he was asked no specific question or he responded to no questions presented to him by either the State or the defense during voir dire nor did he respond to any questions asked by the court which would exclude him. He gave neither — no affirmative responses to anything, so there is no reason on the record to show or to give a basis for strike either which leaves us only his — in our position only his race or through Batson extended to the recent cases through his sex.
“And we would — I believe the fact that he answered no questions at all makes a prima facie case that the State struck him either because of his race or sex, and we ask the Court to require the State to give a race-neutral reason as to why he was struck.
“THE COURT: All right. There were— there were six African-American jurors qualified for the case, according to my records. Is that what yours show, [defense counsel]?
“[Defense counsel]: Yes, sir. And the State also, Your Honor, struck Juror 59, arguably, although I don’t think it’s sufficient — that woman was represented at some time in the past by Mr. Vaughn, one of my — we share space. We’re not a partnership. We do share office space. I assume the government, the State would use that as their reason for striking Juror 59,_ I don’t — I don’t raise that as an issue. I think that’s, that’s really not sufficient. But giving them the benefit, we’re not gonna question that. There was at least, Your Honor, a response on which the *516 State could base or give a reason for a strike.
“THE COURT: All right. Well, based on the fact that there [were] six African-Americans on — that were qualified for jury-service and there are four that will serve on the trial jury, the Court finds there’s not a prima facie showing under Batson or its progeny, and the Court denies the Defendant’s motion to quash the jury on that basis.”
Recently, the Alabama Supreme Court in Ex parte Thomas, 659 So.2d 3 (Ala.1994), disapproved of the following dicta in Harrell v. State, 571 So.2d 1270, 1271-72 (Ala.1990): “[w]hen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created.”- The Thomas court stated:
“A skilled but racially biased attorney could learn to manipulate the strike process so as to be able to strike a few blacks from the venire on the basis of race, and yet not be called to account for the racially based strikes, as long as some blacks were left on the jury. Such a result should not be approved.
‘““[A] prima facie case may be made where relevant circumstances indicate an inference of purposeful race discrimination no matter that one or more black persons may remain on the jury.” United States v. Wilson, 884 F.2d 1121, 1123 (8th Cir.1989). “The striking of one venireperson for a racial reason violate[s] the Equal Protection Clause, even when valid reasons for striking some black jurors are shown." Williams v. State, 548 So.2d 501, 507 (Ala.Crim.App.1988), cert. denied, 489 U.S. 1028, 109 S.Ct. 1159, 103 L.Ed.2d 218 (1989). “Of course, the fact that blacks are ultimately seated on the jury does not necessarily bar a finding of discrimination under Batson [,] see [United States v.] Battle, 836 F.2d [1084] [at] 1086 [(8th Cir.1987)], but the fact may be taken into account in a review of all the circumstances as one that suggests that the government did not seek to rid the jury of persons who shared the defendant’s race.” United States v. Young-Bey, 893 F.2d 178, 180 (8th Cir.1990).’
“Mitchell v. State, 579 So.2d 45, 48 (Ala.Crim.App.1991), cert. denied, 596 So.2d 954 (Ala.1992).
“ ‘[T]he Equal Protection Clause prohibits a prosecutor from using the State’s peremptory challenges to exclude otherwise qualified and unbiased persons from the petit jury solely by reason of their race, a practice that forecloses a significant opportunity to participate in civic life. An individual juror does not have a right to sit on any particular petit jury, but he or she does possess the right not to be excluded from one on account of race.’
“Powers v. Ohio, 499 U.S. 400 at 409, 111 S.Ct. 1364 at 1369, 113 L.Ed.2d 411 (emphasis added [in Thomas ]).
“The language in Harrell II has unfortunately resulted in a possibility that prosecutors may violate the Equal Protection Clause and exclude blacks from jury service solely on the color of their skin. We disapprove the statement in Harrell II indicating that ‘[w]hen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created,’ 571 So.2d at 1271, to the extent that it has been construed to preclude a finding of a prima facie Batson violation where the attorney engaged in a pattern of striking blacks from the venire. We disapprove this statement in Harrell II as it has been applied in these instances, because such applications prevent a defendant from using a factor indicating discrimination that was approved in both Branch and Batson. Such an application was not the Court’s intent. In Ex parte Bird, 594 So.2d 676 (Ala.1991), decided more than a year after Harrell II, this Court did not construe the dictum of Harrell II to mean that a defendant cannot make a prima facie case if the percentage of blacks on the jury is greater than the percentage that was on the venire. In *517 stead, the Bird Court stated only that such a statistical showing weakens a prima facie case. See 594 So.2d at 680-81.” (Emphasis in original.)
659 So.2d at 7-8 (first emphasis added; other emphasis in original). See also Long v. State, 668 So.2d 54 (Ala.Cr.App.1994).
The trial court’s response to defense counsel’s Batson motion indicated that he relied on the now disapproved statement in Ex parte Harrell, supra, as a basis for not requiring the State to give reasons for its peremptory strike of the black venire-member.
Therefore, based on the authority of Ex parte Thomas, supra, we remand this cause for the trial court to conduct a Batson hearing and require the State to give its reasons for its strike of black veniremembers. The trial court is directed to make return to this court within 45 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur.

On Return to Remand

McMILLAN, Judge.
This cause was remanded to the trial court with instructions to conduct a Batson hearing at which the State would give reasons for its strikes of black veniremembers.
The trial court, having complied with those instructions, has issued the following order:
“As required by the order of the Alabama Court of Criminal Appeals dated March 24, 1995, the undersigned conducted a Batson hearing and required the assistant district attorney who prosecuted the case to state his reasons for striking black veniremembers. The hearing was conducted April 19, 1995, and the court submits this return of its findings.
“The court finds that the state did not conduct a lengthy voir dire, but determined to strike potential jurors who were not highly skilled workers. While such a criterion could be used in a discriminatory manner, it appears to this judge that the state applied the test across racial lines.
“The state struck two African-Americans. Juror 59 was a female who had been represented by defense counsel’s partner. Juror 41, Mr. Hobbs, did not respond to any state question but was listed on the strike sheet as a custodian/busdriver. Since the state also struck white jurors numbered 51, 56, 39, 31, and 32 who were either low skilled workers or unemployed, the court determines that the strike of the black custodian/busdriver was not racially motivated and the reason given was race neutral. The court finds that juror 41 was not excluded on the basis of race.”
Based on the aforementioned findings, the trial court did not err in holding that the appellant’s Batson motion was without merit.
The judgment of the trial court is affirmed.
AFFIRMED.
All judges concur.