# Phillips v. The State.

## Assault With Intent to Murder.

(Decided Dec. 22, 1910.  54 South. 111.)

1. *Evidence; Res Gestae; Assaults.*—Where a prosecution is for an assault with intent to murder the condition of the assaulted party resulting from the assault is admissible as of the res gestae.

2. *Same; Expert; Distance.*—Where the question of the distance between defendant and prosecutor at the time of the shooting was in issue, it was competent for a gun expert to testify as to powder burns, the character of the shells and the manner in which shot would scatter within a given distance.

3. *Trial; Evidence; Objection.*—Under rule 33, the objection to the question on the ground that it is illegal is not sufficient to present error in the overruling of such objection since it is not specific.

4. *Charge of Court; Invading Province of Jury.*—A charge asserting that if the jury concluded that the prosecutor was reaching for a gun in the hands of his daughter and was near enough to her to get the gun, and the defendant was free from fault in bringing on the difficulty, and had no reasonable mode of escape without increasing his danger, then defendant was entitled to stand his ground even to the taking of the prosecutor's life if necessary, assumes that the defendant was entitled to stand his ground on the facts therein

hypothesized, and was objectionable, since it was for the jury to determine whether or not he was in imminent peril at the time.

5. *Same; Reasonable Doubt.*—A charge asserting that the jury could not convict the accused if there was a single juror who was not fully satisfied beyond a reasonable doubt of the guilt of the defendant as charged in the indictment, was properly refused for pretermitting a conviction for the lesser offenses thereing charged.

6. *Homicide; Assault With Intent to Murder; Evidence.*—It is competent to show the character of the wound resulting from the assault charged to show intent.

7. *Same.*—As the character of the wound resulting from an assault is competent evidence on the question of intent, it is not error to limit such evidence to the issue of the fierceness of the attack.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

George Phillips was convicted of assault with intent to murder, and he appeals. Affirmed. See, also, 161 Ala. 60, 49 South. 794.

The charge was assault with intent to murder, growing out of the shooting by the defendant of Mike Melton. It appears from the testimony that the shooting took place near the home of one Faircloth. Upon the examination of the doctor who attended Melton, the defendant objected to questions seeking to elicit the condition of Melton's wound at the time of the trial, and as to the condition of his face and his eating capacity. After the court had overruled these objections, the defendant moved the court to limit the evidence for the purpose of showing the "fierceness" of the attack. The showing offered for Marvin and Bascom Johnson, the defendant's absent witnesses, contained the particulars of a difficulty prior to the shooting on which the present charge is based. The difficulty seems to have arisen about the removal of a bale of cotton from Ed Faircloth's lot, while Faircloth was away in Florida. Faircloth's wife is the daughter of Melton, and he protested and prevented Phillips from moving the cotton, and from this circumstance the difficulty arose and resulted in the shooting.

[Phillips v. The State.]

The following charges were requested by and refused to the defendant: (1) "I charge you, gentlemen of the jury, that if after considering all the evidence in the case, you reach the conclusion that Mike Melton was reaching for a gun in the hands of his daughter, and that Mike Melton was near enough to his daughter to have gotten the gun, and that the defendant was free from fault in bringing on the difficulty, and had no reasonable mode of escape without increasing his danger, then the defendant has a right to stand his ground, even to the taking the life of Mike Melton, if necessary." (4) "The court charges the jury that they should not convict the defendant if there be a single juror who is not fully satisfied beyond all reasonable doubt of the guilt of the defendant as charged in the indictment." (A) "I charge you, gentlemen of the jury, that the law does not require the defendant to retreat when he is attacked in his place of business, if he is free from fault in bringing on the difficulty." (B) Same as A, but differently worded. (C) Same as A and B in legal effect. (Q) "I charge you, gentlemen of the jury, that a man has a right to bear firearms."

HYBART & SOWELL, and McCORVEY & HARE, for appellant. No brief reached the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State. There was no error in overruling objection to the evidence as to the character of the wound, or in declining to limit it to the fierceness of the attack.—*Jones v. The State*, 116 Ala. 468. Evidence of details of a former difficulty are not admissible.—*Jones v. The State, supra.* The evidence of the gun expert was clearly admissible.—*Miller v. The State*, 107 Ala. 40. Counsel discuss assignments of error relative to charges, but without citation of authority.

ANDERSON, J.—The evidence as to the character of the wound was admissible to show the intent accompanying the assault.—*Brown v. State,* 142 Ala. 294, 38 South. 268; *Meridith v. State,* 60 Ala. 441; *Jackson v. State,* 94 Ala. 89, 10 South. 509. The condition of the assaulted party, resulting from the assault, was but a method of showing the nature and extent of the assault and the injury therefrom, and these things were of the res gestae of the offense charged.—*Phillips v. State,* 161 Ala. 60, 49 South. 794. Nor was there error, upon the part of the trial court, in refusing to confine this evidence to merely showing the "fierceness" of the attack. The assault may have been mildly committed, but with a murderous intent and may have produced disastrous results. The assault may have been "fiercely" made, yet could have produced such dangerous results as to afford an inference for the jury that it was made with the intent to murder.

The showing for the witness "Marvin" and "Bascom Johnson," both before and after the last amendment, contained details in reference to the first difficulty, and the objection to same was properly sustained.—*Jones v. State,* 116 Ala. 468, 23 South. 135.

The evidence as to the ownership of the cotton, and the fact that the defendant had already taken off a bale of cotton, in which Faircloth was interested, were questions to be considered by the jury in determining whether or not the defendant or Melton provoked the difficulty. Melton was acting for, and at the time the agent of, his daughter, Mrs. Faircloth, and her interest in or ownership in the cotton were factors to be considered by the jury in determining whether or not Melton's conduct, in approaching the defendant on the subject, was in a bona fide business way, or whether or not it was wrongful and done for the purpose of provoking a difficulty.

There was a dispute in the evidence as to the distance the defendant was from Melton when he shot him, and the testimony of Dr. Farish, who was a gun expert, as to the powder burns, the character of the shells, and the manner in which the shot would scatter within a certain distance, was admissible as evidence for the jury in determining whether or not the defendant was close or some distance off when he fired the shot. And distance was a factor in determining whether or not the shot was fired with the intent to kill.

It seems that, upon objection to the questions to the witness Booker, the only ground of objection assigned was general, that it was "illegal." The questions were not patently illegal, besides the court called upon counsel to specify the grounds of objection, and which the record fails to show was done, and the trial court will not be put in error for overruling said objection.—Rule 33, Code 1907, p. 1527.

Charge 1, requested by the defendant, was properly refused. If not otherwise bad, it invaded the province of the jury in assuming that the defendant had the right to stand his ground upon the facts therein hypothesized, when it was a question for the jury to determine whether or not the defendant was in imminent peril and had the right to stand his ground.

Charge 4, requested by the defendant, was bad. If not otherwise faulty, it pretermits the right of the jury to convict for a simple assault, which was permissible under the indictment. They may not have been satisfied that the defendant was guilty as charged in the indictment, but that he was guilty of a simple assault and battey, yet the charge forbids any conviction if there is a single juror who is not satisfied that the defendant is guilty as charged in the indictment, to wit, an assault to murder.

[McCoy v. The State.]

There was no error in refusing charges A. B, and C, requested by the defendant. If not otherwise bad, they were calculated to mislead the jury. The lot may have been the defendant's place of business for certain purposes, and while there for those purposes he may have been under no duty to retreat, but the proof shows that he had the right to go there for only certain purposes, and there was evidence tending to show that he went there either to shoot Melton or remove the cotton, upon which Faircloth had a claim or lien, one or both; and if he was there for either of said purposes, he was not relieved of the duty to retreat.

There was no error in refusing charge Q, requested by the defendant.—*Phillips v. State*, 161 Ala. 60, 49 South. 794.

The other charges refused the defendant were argumentative, misleading, or abstract, if not otherwise bad; and a discusion of same, in this opinion, could serve no good purpose.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.