121 So.2d 883

**Frank STRAUGHN, alias**

v.

**STATE of Alabama.**

**3 Div. 860.**

Supreme Court of Alabama.

Jan. 21, 1960.

**230**

MacDonald Gallion, Atty. Gen., and John F. Proctor, Asst. Atty. Gen., for petitioner.

Jones & Nix, Evergreen, opposed.

PER CURIAM.

We granted certiorari to review the opinion and judgment of the Court of Appeals in the case of Straughn v. State of Alabama, 121 So.2d 882.

The Court of Appeals reversed the judgment of conviction on the ground that the trial court erred in overruling Straughn's objection to a question propounded the State's witness Brock and in overruling Straughn's motion to exclude the answer to the question.

The question and the answer thereto are as follows:

"Q. Do you have an opinion as to how far off McKinley Davis was at the time this wound was inflicted on him, from the end of this gun barrel? A. I would say, at the least, ten or twelve steps."

The Court of Appeals did not decide whether the record showed Brock to have been an expert in the use of firearms. However, we construe the opinion of the Court of Appeals to hold if it be conceded that Brock was an expert in the use of firearms that he could not express an opinion as to the distance between the deceased and the barrel of the gun held by the defendant at the time the fatal shot was fired.

We disagree with that holding.

In the recent case of Washington v. State, 269 Ala. 146, 112 So.2d 179, 188, we said:

"No error resulted from the court's ruling in permitting Dr. Rehling, the State Toxicologist, an expert in ballistics, to express the opinion that the pistol was fired from a point more than twelve inches from the shirt worn by deceased, which was punctured by the bullet. This evidence was admitted after the witness had stated that he had an opinion based on his examination of the pistol and the fact that there were no powder burns or smudges on the shirt of the deceased. Alexander v. State, 37 Ala.App. 533, 71 So.2d 520; People v. Smith, 25 Cal.App.2d 241, 77 P.2d 277. Cf. Wise v. State, 11 Ala.App. 72, 66 So. 128. Distance was a factor in determining whether or not the pistol was fired with intent to kill. See Phillips v. State, 170 Ala. 5, 54 So. 111."

In the Alexander case cited and relied on in the Washington case, the Court of Appeals said in part as follows:

"After first testifying that as coroner, and as deputy sheriff, he had examined the bodies of several people and had observed the effects of gunshot wounds, and had seen guns fired and knew about what distance the gun would make powder burns on a body and on clothing, Deputy Hardin was permitted to testify over appellant's objection as to his qualification as an expert, that in his judgment the gun would have had to be within one or two feet of Sparks at the time it was fired in order to make

powder burns on the body through the clothing.

\*   \*   \*   \*   \*   \*

"No error resulted from the court's ruling in permitting Deputy Hardin to testify as to his judgment of the distance of the gun from the deceased at the time the powder burned wound was inflicted." (71 So.2d 523–524)

Thus it appears that this court and the Court of Appeals have held that an expert could express an opinion as to the distance of the gun from the deceased at the time the wound was inflicted.

True, in both of those cases the expert's opinion was based on the presence or absence of powder burns.

In our opinion the same rule would apply as to an expert who bases his opinion on the area of the body of the victim covered by shot fired from a shotgun.

In Phillips v. State, 170 Ala. 5, 9, 54 So. 111, 113, this court held as follows:

"There was a dispute in the evidence as to the distance the defendant was from Melton when he shot him, and the testimony of Dr. Farish, *who was a gun expert,* as to the powder burns, *the character of the shells, and the manner in which the shot would scatter within a certain distance,* was admissible as evidence for the jury in determining whether or not the defendant was close or some distance off when he fired the shot. And distance was a factor in determining whether or not the shot was fired with the intent to kill." (Emphasis supplied.)

In our opinion the testimony of the witness Brock was not in regard to matters of common knowledge and hence was properly admitted if Brock was shown to have been an expert, since the distance of the defendant from the deceased at the time the shot was fired was a factor in the case.

The opinion of the Court of Appeals is reversed and the cause is remanded to that court.

Reversed and remanded.

LAWSON, SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.

LIVINGSTON, C. J., and COLEMAN, J., dissent.