The appellant was charged with two counts of first degree robbery. The jury found the appellant guilty on both counts. The appellant was sentenced to two concurrent terms of 20 years' imprisonment.
On August 24, 1990, at approximately 8:00 p.m., the appellant, along with his brother Roderick Jones, forced their way into the house of Debra Henderson in Birmingham, Alabama, and robbed Mrs. Henderson and her daughter, Keisha. Mrs. Henderson further testified that both the appellant and his brother were armed. Mrs. Henderson testified that the two men demanded money and jewelry from both her and her daughter. The appellant testified that on August 24, 1990, he was at home with his mother and the rest of his family. He denied ever committing the robbery. This appeal follows.
 I
The appellant contends that the State improperly excluded a black veniremember in violation of Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We disagree. The appellant failed to prove a prima facie case of discrimination by the State in the selection of the jury.
The record reveals that the jury venire consisted of 27 persons, of whom nine (33%) were black. The State used one of its seven strikes to remove a black from the venire. The defense struck no blacks. The jury was composed of eight blacks (62%) and five whites (38%), including the alternate juror.
In attempting to prove a prima facie case underBatson, the appellant stated that the State struck a black female. Appellant's counsel did not bring to the trial judge's attention any factor that might tend to show that the prosecutor purposefully discriminated against this potential juror on the basis of race or sex.
As the Alabama Supreme Court held in Harrell v. State,571 So.2d 1270 (Ala. 1990):
 "[A] defendant cannot prove a prima facie case of purposeful discrimination solely from the fact that the prosecutor struck one or more blacks from his jury. A defendant must offer some evidence in addition to the striking of blacks that would raise an inference of discrimination. When the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created. Logically, if statistical evidence may be used to establish a prima facie case of discrimination, by showing a discriminatory impact, Harrell [v. State]
555 So.2d [263,] 267, (Ala.Crim.App. 1989) citing United States v. David, 803 F.2d 1567, 1571 (11th Cir. 1986), then it should also be available to show the absence of a discriminatory purpose."
Ex parte Harrell, 571 So.2d at 1271-72.
In this case, more black citizens served on the jury than white citizens. The appellant *Page 421 
did not prove a prima facie case of race or sex discrimination in the selection of the jury.
 II
The appellant contends that the trial court erred in excluding his mother's testimony, given at his brother's earlier trial. The appellant offered defendant's exhibit 1, which was a partial transcript of his mother's testimony taken at Roderick's trial. The appellant's mother died before the appellant's trial. The State objected to the testimony on the grounds that it was irrelevant because it gave him an alibi on August 25, not August 24, the day of the robbery. Also, the State objected on the grounds that the transcript was incomplete because it contained only direct examination by the defense and omitted the State's cross-examination. Also, as the trial judge pointed out, the transcript did not even contain all of the direct examination of the appellant's mother.
We conclude that the trial court properly excluded the appellant's exhibit. The general rule concerning former testimony and its use in a subsequent trial is explained in C. Gamble, McElroy's Alabama Evidence § 245.07(1) as follows:
 "The testimony of a witness, in a former trial or action, given (1) under oath, (2) before a tribunal or officer having by law the authority to take testimony and legally requiring an opportunity for cross-examination, (3) under circumstances affording the party against whom the witness was offered an opportunity to test his credibility by cross-examination and (4) given in a litigation in which the issues and parties were substantially the same as in the present cause, is receivable as evidence in the present trial (5) when the personal attendance of the witness to testify in the present trial is not feasible."
Furthermore, § 245.07(2) gives the reason for the rule.
 "The present rule is customarily categorized as an exception to the hearsay evidence rule. There are several exceptions which admit testimony rendered outside the courtroom upon the theory that such is necessary and reliable. The necessity which serves as the basis of the present rule is that the testimony will be entirely lost if it cannot be admitted in the subsequent proceedings. This evidence is trustworthy and reliable because the party against whom it is now offered had the opportunity to cross-examine the witness in the former proceeding."
In this case the trial judge was correct in not allowing the appellant's mother's testimony into evidence. The transcript was incomplete and did not contain any cross-examination of the witness.
The appellant also contends the trial court erred in denying his motion for continuance in order to obtain the complete transcript of his mother's testimony. The decision of whether to grant a continuance in a criminal case is addressed to the sound discretion of the trial court, the exercise of which will not be disturbed on appeal unless that discretion is clearly abused. Primm v. State, 473 So.2d 547 (Ala.Cr.App. 1984);Briggs v. State, 549 So.2d 155 (Ala.Cr.App. 1989).
Here, the appellant's purpose for the introduction of his mother's testimony was to provide an alibi. However, the record reveals the transcript of his mother's testimony concerns August 25 and that the robbery occurred on August 24. The record fails to show any way in which the denial of the continuance prejudiced the appellant, and we find no abuse in the trial judge's exercise of his discretion.
 III
The appellant next contends that the trial court erred in overruling his objection to the following comment made by the prosecutor in closing argument:
 "MR. STOKESBERRY [Prosecutor]: If what he tells you is true, if Debra Henderson and her son are dealing drugs — and it's not true — if they're dealing in drugs —
 "MR. WALDEN [Appellant's counsel]: Objection as to that. That's inserting his own personal belief. *Page 422 
"THE COURT: Overruled."
(R. 205.)
The appellant argues that the above statement was improper because, he argues, it was an expression of the prosecutor's personal belief. The rule that it is improper for an attorney, whether the prosecutor or defense counsel, to state in argument to the jury his personal belief as to the guilt or innocence of the accused was set out in Woods v. State, 19 Ala. App. 299,97 So. 179 (1923), as follows:
 "The personal opinion of the solicitor as to the guilt of the accused or as to any material fact involved in the case is not evidence. It should never be uttered by a prosecuting attorney, and, if the court gives sanction to such an utterance, it thereby commits error necessitating a reversal of conviction appealed from. Inferences and deductions from the evidence may be drawn by counsel almost without limit, but the minds of the jury should not be prejudiced, nor should they be swayed in their deliberations by unauthorized statements in the argument of the solicitor, such as, 'In my honest opinion, and before God it is my honest opinion,' that such a state of facts exists. It is for the jury to say what state of facts exists, and this must be done by a consideration of all the evidence in the case, and such conclusions must not be reached by the honest or other character of opinion upon the part of the solicitor. In the annotation of the case of People v. Fielding, (N.Y.) 46 L.R.A. 641, 667, [158 N.Y. 542, 53 N.E. 497] note, it is said:
 " 'The personal opinion of the prosecuting attorney as to the guilt of the accused is not evidence, and the sanction of such an opinion by the court is serious error.'
 " 'The right to a fair and impartial trial is violated by the misconduct of counsel in stating to the jury facts not in evidence because by so doing he fraudulently testifies without having been sworn as a witness.' People v. McGuire, 89 Mich. 66 [64], 50 N.W. 786."
Here, the comment at issue was not an opinion on the guilt or innocence of the appellant nor was it an opinion as to any material fact involved in the case. The appellant contends that he was at home with friends and family on the night of the robbery and that he did not commit the crime for which he was tried. Whether Debra Henderson was dealing drugs was a collateral matter and was not a material issue or fact. Therefore, any error in the prosecutor's closing argument was harmless. Because the comment was not material, it did not "injuriously affect" the appellant's rights. Rule 45, A.R.App.P.
As we stated in Stonoker v. State, 380 So.2d 342, 344
(Ala.Cr.App. 1979):
 "In order for this Court to reverse the judgment of the trial court, however, the appellant must not only show error but must also show that such error probably injuriously affected his substantial rights. Rule 45 of the Alabama Rules of Appellate Procedure; Kennedy v. State, 291 Ala. 62, 277 So.2d 878 (1973); Kabase v. State, 244 Ala. 182, 12 So.2d 766 (1943)."
We hold that the comment by the prosecutor was not material and did not injuriously affect the appellant's rights.
For the foregoing reasons, the judgment is due to be affirmed.
AFFIRMED.
All the Judges concur.