The appellant, Alton Jerome Hodges, was convicted of the possession of a controlled substance, a violation of §13A-12-212(a)(1), Code of Alabama 1975. He was sentenced to one year and one day in the penitentiary.
The appellant contends that the trial court improperly overruled his motion made pursuant to Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Specifically, he maintains that the trial court improperly considered only the racial composition of the jury in determining that the defense failed to establish a prima facie case of discrimination, a practice now expressly disapproved by the Alabama Supreme Court in Ex parte Thomas, 659 So.2d 3 (Ala. 1994).
The record reflects that after the jury was struck, the following transpired:
 "MR. LENTINE [defense counsel]: Your Honor, at this time I'd make a motion under Batson v. Kentucky and Ex parte v. [sic] Jackson
[640 So.2d 1050 (Ala. 1993)] for the State's striking of juror venire members No. 210 and No. 209. I believe that both of these strikes were racial and discriminatory.
 "I think specifically on 209 that it was done for the reason of race rather than anything else. And I make a Batson motion at this time based on the fact that I think there was a prima facie case shown regarding specifically No. 209. I think also on No. 210 who indicated that back here in individual voir dire that he had — although he knew the defendant's family from a long time back, that he wasn't close to them now and hadn't been close to them apparently in years, and indicated that he could decide this case solely on the facts and evidence presented.
 "THE COURT: Well, my records indicate that there are eight blacks on the venire. That the State used two out of seven to strike black jurors. The defendant used one. That means, of course, there are five black citizens on the panel.
"I'm going to deny your motion."
(R. 47-49.) The record does not reflect how many persons were on the venire.
It appears from the record that the trial court based its ruling that the appellant failed to establish a prima facie case of discrimination solely on the fact that five black persons remained on the jury. As noted, the Alabama Supreme Court has expressed disfavor with this reasoning in Ex parteThomas, 659 So.2d 3 (Ala. 1994).
 "Before the release of the Alabama Supreme Court's decision in Thomas, this court had consistently held that when a Batson objection was raised by a black defendant and a greater percentage of African-Americans sat on the jury than the percentage that sat on the venire no prima facie case of discrimination had been established. Harrell v. State, 571 So.2d 1270 (Ala. 1990), cert. denied, 499 U.S. 984, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991). See also Raspberry v. State, 615 So.2d 657 (Ala.Cr.App. 1992); Ashley v. State, 606 So.2d 187 (Ala.Cr.App. 1992); Jones v. State, 603 So.2d 419 (Ala.Cr.App. 1992); Hood v. State, 598 So.2d 1022 (Ala.Cr.App. 1991)."
Arnold v. State, 668 So.2d 109 (Ala.Cr.App. 1995).
In Thomas, the Alabama Supreme Court addressed the question, "[M]ay a defendant make a prima facie case of discrimination by showing that the prosecutor used a large number of his peremptory challenges to engage in a pattern of striking blacks from the venire, even though a higher percentage of blacks ultimately sat on the jury than on the venire?" Thomas, 659 So.2d at 4. The Court held that in certain instances, a prima facie case of discrimination can be made by showing that the prosecution used a large number of its strikes to remove blacks, notwithstanding *Page 785 
the fact that a larger percentage of blacks sat on the jury than sat on the venire. In reaching this conclusion, the Court expressly disapproved of the following statement inHarrell v. State, 571 So.2d 1270, 1271-72 (Ala. 1990), cert.denied, 499 U.S. 984, 111 S.Ct. 1641, 113 L.Ed.2d 736, (1991) ("Harrell II"): " '[w]hen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created.' "
In Thomas the Court reasoned:
 "A skilled but racially biased attorney could learn to manipulate the strike process so as to be able to strike a certain number of blacks from the venire on the basis of race, and yet not be called to account for the racially based strikes, as long as some blacks were left on the jury. Such a result should not be approved.
 " ' "[A] prima facie case may be made where relevant circumstances indicate an inference of purposeful race discrimination no matter that one or more black persons may remain on the jury." United States v. Wilson, 884 F.2d 1121, 1123 (8th Cir. 1989). "The striking of one venireperson for a racial reason violates the Equal Protection Clause, even when valid reasons for striking some black jurors are shown." Williams v. State, 548 So.2d 501, 507
(Ala.Crim.App. 1988), cert. denied, 489 U.S. 1028, 109 S.Ct. 1159, 103 L.Ed.2d 218 (1989). "Of course, the fact that blacks are ultimately seated on the jury does not necessarily bar a finding of discrimination under Batson[,] see [United States v.] Battle, 836 F.2d [1084] [at] 1086 [(8th Cir. 1987)], but the fact may be taken into account in a review of all the circumstances as one that suggests that the government did not seek to rid the jury of person who shared the defendant's race." United States v. Young-Bey, 893 F.2d 178, 180 (8th Cir. 1990).'
 "Mitchell v. State, 579 So.2d 45, 48
(Ala.Crim.App. 1991), cert. denied, 596 So.2d 954 (Ala. 1992).
 " '[T]he Equal Protection Clause prohibits a prosecutor from using the State's peremptory challenges to exclude otherwise qualified and unbiased persons from the petit jury solely by reason of their race, a practice that forecloses a significant opportunity to participate in civic life. An individual juror does not have a right to sit on any particular petit jury, but he or she does possess the right not to be excluded from one on account of race.'
 "Powers v. Ohio, 499 U.S. 400 at 409, 113 L.Ed.2d 411, 111 S.Ct. 1364 at 1370 (emphasis added [in Ex parte Thomas]).
 "The language in Harrell II has unfortunately resulted in a possibility that prosecutors may violate the Equal Protection Clause and exclude blacks from jury service solely on the color of their skin. We disapprove the statement in Harrell II indicating that '[w]hen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created, 571 So.2d. at 1271, to the extent that it has been construed to preclude a finding of a prima facie Batson
violation where the attorney engaged in a pattern of striking blacks from the venire. We disapprove this statement in Harrell II as it has been applied in these instances, because such applications prevent a defendant from using a factor indicating
discrimination that was approved in both [Ex parte] Branch [, 526 So.2d 609 (Ala. 1987),] and Batson.
Such an application was not the Court's intent. In Ex parte Bird, 594 So.2d 676 (Ala. 1991), decided more than a year after Harrell II, this Court did not construe the dictum of Harrell II to mean that a defendant cannot make a prima facie case if the percentage of blacks on the jury is greater than the percentage that was on the venire. Instead, the Bird Court stated only that such a statistical showing weakens a prima facie case. See, 594 So.2d at 680-81."
Thomas, 659 So.2d at 7-8. (Emphasis in original.) *Page 786 
This Court is bound by the holdings of the Alabama Supreme Court. § 12-3-16, Code of Alabama 1975. Because it appears that the trial court considered only the racial composition of the jury in determining that the defense failed to establish a prima facie case of discrimination, we must remand this cause to the trial court so that the trial judge can conduct a hearing to determine whether, considering factors in addition to the racial composition of the jury, the appellant established a prima facie case of racial discrimination underBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986), Ex parte Branch, 526 So.2d 609 (Ala. 1987), and Exparte Thomas. If the trial court finds that the defense has established a prima facie case of discrimination, the burden then shifts to the state, which must give the reasons for its strikes of black veniremembers and the court should proceed as outlined in Branch. If the trial court determines that the appellant has failed to establish a prima facie case, it shall state in written findings of facts and conclusions of law its specific reasons for that determination. On remand, the trial court is authorized to grant the appellant the relief, if any, to which he may be entitled. See, McClain v. State,659 So.2d 161 (Ala.Cr.App. 1994). The trial court shall take the necessary action to ensure that the circuit clerk makes due return to this court at the earliest possible time within 84 days from the date of this opinion.
At this time, we pretermit discussion of the other issue raised on appeal.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* Note from the Reporter of Decisions: On March 22, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion.