The appellant, Roger Elton Arnold, Sr., was convicted of attempted murder (see §§ 13A-6-4 and 13A-4-2, Code of Alabama 1975) and of burglary in the second degree (see § 13A-7-6, Code of Alabama 1975). He was sentenced to life in the penitentiary on the attempted murder conviction and to 20 years in the penitentiary on the burglary conviction. Both sentences were to be served concurrently.
The appellant initially contends that his rights under the United States Supreme Court case of Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), were violated when the prosecution used four of its six strikes to remove male members of the venire. Specifically, he contends that this action denied him equal protection of the law by excluding a certain group of people based on gender.
In Batson, the United States Supreme Court held that black prospective jurors could not be struck from a black defendant's jury based solely on their race. The United *Page 110 
States Supreme Court extended its decision in Batson to apply to white defendants in Powers v. Ohio, 499 U.S. 400,111 S.Ct. 1364, 113 L.Ed.2d 411 (1991); to civil cases in Edmonson v.Leesville Concrete Co., 500 U.S. 614, 111 S.Ct. 2077,114 L.Ed.2d 660 (1991); and to defense counsel in criminal cases inGeorgia v. McCollum, 505 U.S. 42, 112 S.Ct. 2348,120 L.Ed.2d 33 (1992). Recently the Alabama Supreme Court held that Batson
applies to the striking of white prospective jurors. WhiteConsolidated Industries, Inc. v. American Liberty InsuranceCo., 617 So.2d 657 (Ala. 1993). In 1994 the United States Supreme Court extended Batson to apply to gender in J.E.B. v.Alabama, ___ U.S. ___, 114 S.Ct. 1419, 128 L.E.2d 89 (1994).
The following occurred when defense counsel raised aBatson challenge:
 "Mr. Soto [defense counsel]: I forgot the new case that the Supreme Court just came out. It's a Batson [case]. It's a sex-based case. It's actually Alabama in the title, but under Batson I object to the State's — that four of the State's six strikes were of males. And while I don't think I have to make a showing that my client is a male because of Powers, I think that the State discriminated against my client by using most of his strikes against males.
"The Court: What?
"Mr. Soto: Sir?
"The Court: What was your —
 "Mr. Soto: Yes, sir. Judge, he struck 148, who's a white male; 125, who's a white male; 127, who's a black male; and 140 is a black male.
 "Of the six strikes, he used four of them against males. And I say that and the other relevant circumstances point out to a prima facie case of discrimination. I realize that there are males on the jury.
"The Court: I think there's seven on there.
 "Mr. Soto: Yes, sir. I think that the case law is that if even one of those strikes is discriminatory, it's a due process or an equal protection violation.
"The Court: Mr. Davis, do you want to respond?
 "Mr. Davis [prosecutor]: Your Honor, in light of the fact that there are seven males on the jury that's been struck out of 12, including one possible alternate, the alternate as I understand it —
"Mr. Soto: Huh?
 "Mr. Davis: — as struck by Mr. Soto is a female. that would leave at least seven men on the jury, assuming that the alternate doesn't have to replace somebody. The State respectfully submits there's no prima facie showing of discrimination. And there's certainly no discrimination in what I did. I got to strike somebody.
"The Court: Deny your motion."
The dialogue above shows that the court based its ruling on whether a prima facie case of discrimination had been established solely on the fact that the jury was composed of a large percentage of men. This practice was recently condemned by the Alabama Supreme Court in Ex parte Thomas, 659 So.2d 3
(Ala. 1994).
Before the release of the Alabama Supreme Court's decision inThomas, this court had consistently held that when a Batson
objection was raised by a black defendant and a greater percentage of African-Americans sat on the jury than the percentage that sat on the venire no prima facie case of discrimination had been established. Harrell v. State,571 So.2d 1270 (Ala. 1990), cert. denied, 499 U.S. 984,111 S.Ct. 1641, 113 L.Ed.2d 736 (1991). See also Raspberry v. State,615 So.2d 657 (Ala.Cr.App. 1992); Ashley v. State, 606 So.2d 187
(Ala.Cr.App. 1992); Jones v. State, 603 So.2d 419
(Ala.Cr.App. 1992); Hood v. State, 598 So.2d 1022
(Ala.Cr.App. 1991).
The Alabama Supreme Court in Thomas specifically disapproved of the language this court had so consistently relied on inHarrell. The court stated:
 "We disapprove of the statement in Harrell II
indicating that '[w]hen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created,' 571 So.2d at 1271, to the extent that it has been construed *Page 111 
to preclude a finding of prima facie Batson violation where the attorney engaged in a pattern of striking blacks from the venire. We disapprove of this statement in Harrell II as it has been applied in these instances, because such applications prevent a defendant from using a factor indicating discrimination that was approved in both [Ex parte] Branch, [526 So.2d 609
(Ala. 1987)] and Batson. Such an application was not the court's intent."
Thomas, 659 So.2d at 7 (emphasis in original).
This court is bound by the decisions of the Alabama Supreme Court. § 12-3-16, Code of Alabama 1975. Because the court in this case based its ruling solely on a practice condemned inThomas, we must remand this cause to the Circuit Court for Mobile County so that that court can conduct a new Batson
hearing. The court is to consider "all relevant circumstances" that could show discrimination or the lack of discriminatory intent. Branch. The fact that the jury is composed of a high percentage of the group that is argued to have been excluded is only one factor that the court should consider when determining whether a prima facie case of discrimination exists. If the court finds a prima facie case of discrimination, then the court should require the state to give its reasons for striking the men from the venire and proceed as directed by Branch. The trial court should file with this court its written findings of fact and conclusions of law. Due return should be filed in this court no later than 56 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.