The appellant, Darrayl Bell, was convicted of burglary in the first degree. He was sentenced to 10 years in the penitentiary. He raises one issue on direct appeal.
The appellant contends that the trial court erred in overruling his motion made pursuant to Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). He argues that the trial court erred in ruling that the appellant failed to show a prima facie case of *Page 1350 
racial discrimination by the prosecution's use of peremptory strikes to remove 5 of 6 black veniremembers and in failing to require the prosecution to state its reasons for its peremptory strikes.
The record reflects the following regarding jury selection.
 "MR. HARDWICK (defense attorney): Let me make a motion against these guys. What is the make-up? Six, six. I want to reserve the regard [sic] on this. Out of six strikes, I see that he struck five blacks and one white. Of course, the random strike of a white female was made by the court reporter. We make the motion on the fact that the make-up of the jury is six white, six black.
 "THE COURT: The venire — What was that? I think it looked about a third black. Percentage of black is going to be higher if he struck all whites. He struck five blacks and one white and the disposition of the jury was 33 percent, around there, that's what it looked like.
"Denied. I thank you."
R. 12.
"The striking of one venireperson for a racial reason violates the Equal Protection Clause, even when valid reasons for striking some black jurors are shown." Williams v. State,548 So.2d 501, 507 (Ala.Cr.App. 1988), cert. denied,489 U.S. 1028, 109 S.Ct. 1159, 103 L.Ed.2d 218 (1989). When determining whether a challenging party has shown a prima facie case of racial discrimination in the use of peremptory strikes, "the court is to consider 'all relevant circumstances' which could lead to an inference of [such] discrimination." Ex parteBranch, 526 So.2d 609, 622 (Ala. 1987). The challenging party "may establish a prima facie case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial." Batson, 476 U.S. at 96, 106 S.Ct. at 1723
(emphasis added). Normally, the challenging party has not shown that the prosecution used its peremptory strikes in a racially discriminatory manner where the only evidence presented in support of a prima facie case of discrimination is the fact that blacks were struck by the prosecution. Ex parte Branch,526 So.2d 609, 622-23 (Ala. 1987), contains a nonexclusive list of factors that a challenging party might use to establish a prima facie case of discrimination. This list includes, "[a]pattern of strikes against [jurors of a certain gender or race] on a particular venire; e.g., 4 of 6 peremptory challenges were used to strike black jurors." Branch, 526 So.2d at 623
(emphasis added). A pattern " 'implies that the decisionmaker . . . selected . . . a particular course of action at least in part "because of," not merely "in spite of," its adverse effects upon an identifiable group,' Hernandez [v. New York],500 U.S. 352, 360, 111 S.Ct. [1859] at 1866 [114 L.Ed.2d 395
(1991)] (quoting Personnel Administrator of Massachusetts v.Feeney, 442 U.S. 256, 279, 99 S.Ct. 2282, 2296, 60 L.Ed.2d 870
(1979)) (footnote and citation omitted in Hernandez)." Freemanv. State, 651 So.2d 576, 583 (Ala.Cr.App. 1994). When determining whether peremptory strikes were used in a manner to suggest a discriminatory "pattern of strikes," "[m]erely showing that the challenged party struck one or more members of a particular race is not sufficient to establish a prima facie case [of discrimination]." Edwards v. State, 628 So.2d 1021,1024 (Ala.Cr.App. 1993).
 "The trial judge 'plays a "pivotal role" in determining whether a prima facie case has been made under Batson because he or she observes the voir dire procedure firsthand and is in a far better position than we to assess the prosecutor's decisions.' . . . An appellate court may reverse the trial court's determination that the prosecutor's peremptory challenges were not motivated by intentional discrimination only if that determination is 'clearly erroneous.' Ex parte Branch, 526 So.2d at 625."
Mitchell v. State, 579 So.2d 45 (Ala.Cr.App. 1991), cert. denied, 596 So.2d 954 (Ala. 1992).
Here, absent the voir dire, it appears from the record that the only characteristic common to the five struck veniremembers was their race. Therefore, by objecting to what the record suggests is a "pattern of striking blacks from the venire," the appellant "made a prima facie showing of a Batson *Page 1351 
violation." Ex parte Thomas, 659 So.2d 3 (Ala. 1994). Without the voir dire we cannot conclude that the prosecutor "engage[d] in any meaningful voir dire on a subject of alleged concern" that might provide evidence to successfully rebut the appellant's prima facie showing of discrimination. Jackson v.State, 594 So.2d 1289, 1294 (Ala.Cr.App. 1991) (citing Ex parteBird, 594 So.2d 676, 683 (Ala. 1991)).
However, even if the reasons above did not require a remand, this case must be remanded based on the Alabama Supreme Court's ruling in Ex parte Thomas, 659 So.2d 3 (Ala. 1994).
The record indicates that the trial court based its ruling that the appellant failed to establish a prima facie case of discrimination solely on a comparison of the percentage of blacks on the venire with the percentage of blacks selected to serve on the jury. This reasoning was disapproved in Ex parteThomas (prosecution used 9 of 10 peremptory strikes to remove black veniremembers); see also, Hodges v. State, 673 So.2d 783
(Ala.Cr.App. 1995) (where prosecution used 2 of 7 peremptory strikes to remove black veniremembers case was remanded for trial judge to consider additional factors where trial judge "only considered the racial composition of the jury in determining that the defense failed to establish a prima facie case of discrimination"); Wood v. State, [Ms. CR-93-2206, March 24, 1995, ___ So.2d ___ (Ala.Cr.App. 1995) (case remanded where trial judge based ruling that a prima facie case of discrimination had not been shown on fact that prosecution had struck 2 of 6 black veniremembers and that remaining 4 were on the jury); Arnold v. State, 668 So.2d 109 (Ala.Cr.App. 1995) (case remanded where trial judge based ruling that a prima facie case of gender discrimination had not been shown where state used 4 of 6 strikes against males and it appeared that the trial court based its ruling "solely on the fact that the jury was composed of a large percentage of men"); Woods v.State, 675 So.2d 47 (Ala.Cr.App. 1995) (case remanded where trial judge based ruling that a prima facie case of discrimination had not been established where state struck 4 of 7 black veniremembers; "trial court's comments show that it based its ruling on its comparison between the percentage of blacks on the venire and the percentage of blacks on the jury"); Cobb v. State, [Ms. CR-93-1885, March 24, 1995]___ So.2d ___ (Ala.Cr.App. 1995) (case remanded where state used 2 of 7 strikes to remove black veniremembers; "[I]n cases involving similar statistics, this court has remanded the causes for the trial court to determine whether a prima facie case of discrimination existed, when the trial judge relied on the percentages comparison condemned in Ex parteThomas."); Gafford v. State, 666 So.2d 860 (Ala.Cr.App. 1995) (case remanded where state struck 3 of 8 veniremembers and 5 blacks served on jury "because the trial court improperly relied on numbers alone in determining that the defense had failed to establish a prima facie case of discrimination").
 "Recently, the Alabama Supreme Court in Ex parte Thomas, 659 So.2d 3 (Ala. 1994), disapproved of the following dicta in Harrell v. State, 571 So.2d 1270, 1271-72 (Ala. 1990): '[w]hen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created.' The Thomas court stated:
 " 'A skilled but racially biased attorney could learn to manipulate the strike process so as to be able to strike a few blacks from the venire on the basis of race, and yet not be called to account for the racially based strikes, as long as some blacks were left on the jury. Such a result should not be approved.
 " ' " '[A] prima facie case may be made where relevant circumstances indicate an inference of purposeful race discrimination no matter that one or more black persons may remain on the jury.' United States v. Wilson, 884 F.2d 1121, 1123 (8th Cir. 1989). 'The striking of one venireperson for a racial reason violate[s] the Equal Protection Clause, even when valid reasons for striking some black jurors are shown.' Williams v. State, 548 So.2d 501, 507
(Ala.Crim.App. 1988), *Page 1352 
cert. denied, 489 U.S. 1028, 109 S.Ct. 1159, 103 L.Ed.2d 218 . . . (1989). 'Of course, the fact that blacks are ultimately seated on the jury does not necessarily bar a finding of discrimination under Batson[,] see [United States v.] Battle, 836 F.2d [1084] [at] 1086 [(8th Cir. 1987)], but the fact may be taken into account in a review of all the circumstances as one that suggests that the government did not seek to rid the jury of persons who shared the defendant's race.' United States v. Young-Bey, 893 F.2d 178, 180
(8th Cir. 1990)."
 " 'Mitchell v. State, 579 So.2d 45, 48
(Ala.Crim.App. 1991), cert. denied, 596 So.2d 954
(Ala. 1992).
 " ' "[T]he Equal Protection Clause prohibits a prosecutor from using the State's peremptory challenges to exclude otherwise qualified and unbiased persons from the petit jury solely by reason of their race, a practice that forecloses a significant opportunity to participate in civic life. An individual juror does not have a right to sit on any particular petit jury, but he or she does possess the right not to be excluded from one on account of race."
 " 'Powers v. Ohio, 499 U.S. 400 at 409, 111 S.Ct. 1364 at 1370, 113 L.Ed.2d 411 (emphasis added [in Thomas]).'
 " 'The language in Harrell II has unfortunately resulted in a possibility that prosecutors may violate the Equal Protection Clause and exclude blacks from jury service solely on the color of their skin. We disapprove the statement in Harrell II indicating that "[w]hen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created," 571 So.2d at 1271, to the extent that it has been construed to preclude a finding of a prima facie Batson violation where the attorney engaged in a pattern of striking blacks from the venire. We disapprove this statement in Harrell II as it has been applied in these instances, because such applications prevent a defendant from using a factor indicating discrimination that was approved in both Branch and Batson. Such an application was not the Court's intent. In Ex parte Bird, 594 So.2d 676 (Ala. 1991), decided more than a year after Harrell II, this Court did not construe the dictum of Harrell II to mean that a defendant cannot make a prima facie case if the percentage of blacks on the jury is greater than the percentage that was on the venire. Instead, the Bird Court stated only that such a statistical showing weakens a prima facie case. See 594 So.2d at 680-81.' (Emphasis in original.)
 "659 So.2d at 7-8 (first emphasis added; other emphasis in original). See also Long v. State, 668 So.2d 54 (Ala.Cr.App. 1994)."
Wood v. State, [Ms. CR-93-2206, March 24, 1995] ___ So.2d ___
(Ala.Cr.App. 1995).
Here, the prosecutor's use of 5 of 6 peremptory strikes indicated a "pattern of strikes" against a minority, that according to Branch establishes a rebuttable prima facie case of racial discrimination. Therefore, based on Thomas, we remand this case for the trial court to "order a hearing on whether the prosecutor used his peremptory strikes in a discriminatory fashion to remove blacks from the venire." Thomas, supra. The trial court is directed to make return to this court within 90 days of this opinion.
REMANDED WITH INSTRUCTIONS.* All the Judges concur.
* Note from the Reporter of Decisions: On February 9, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On March 22, 1996, that court denied rehearing, without opinion. *Page 1353