COBB, Judge.
The appellant, Jerry Lamar Weaver, was convicted of manslaughter, a violation of § 13A-6-3, Ala.Code 1975. He was sentenced to 16 years in the penitentiary and was ordered to pay $3,354.03 in restitution. The appellant raises four issues on appeal.
I
The appellant contends that he made a prima facie showing that the prosecution in exercising its peremptory strikes engaged in race and gender discrimination in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and J.E.B. v. Alabama, 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). J.E.B. extends the principles of Batson and its progeny to gender discrimination. He alleges that he established a prima facie ease of discrimination by proving that the prosecution used seven of ten peremptory strikes to remove white males from the jury panel and that the seven veniremembers had only gender and race in common. He argues that the State should have been required to offer race-and gender-neutral reasons for those seven strikes.
The strike list reflects that the prosecution had nine strikes, not ten, and that it struck three women and six men. C.R. 33-34. We find no error in the trial court’s ruling that, “there has not been a prima facie case established, and the jury panel will stand as is.” R. 45.
“Ex parte Branch, 526 So.2d 609, 622-23 (Ala.1987), contains a nonexclusive list of factors that a challenging party might use to establish a prima facie case of discrimination. This list includes, ‘[a] pattern of strikes against [jurors of a certain gender or race] on a particular venire; e.g., 4 of 6 peremptory challenges were used to strike black jurors.’ Branch, 526 So.2d at 623 (emphasis added). A pattern ‘“implies that the decisionmaker ... selected ... a particular course of action at least in part ‘because of, not merely ‘in spite of, its adverse effects upon an identifiable group’.... ” Freeman v. State, 651 So.2d 576, 583 (Ala.Cr.App.1994). When determining whether peremptory strikes were used in a manner to suggest a discriminatory ‘pattern of strikes,’ ‘[m]erely showing that the challenged party struck one or more members of a particular race is not sufficient to establish a prima facie case [of discrimination].’ Edwards v. State, 628 So.2d 1021,1024 (Ala.Cr.App.1993).”
Bell v. State, 676 So.2d 1349, 1350 (Ala.Cr.App.1995).
We are cognizant of the fact that “[t]he striking of one venireperson for a racial reason violates the Equal Protection Clause, even when valid reasons for striking some black jurors are shown.” Williams v. State, 548 So.2d 501, 507 (Ala.Cr.App.1988), cert. denied, 489 U.S. 1028, 109 S.Ct. 1159, 103 L.Ed.2d 218 (1989). However, the voir dire reveals that four of the six white males were struck because each one had a family member convicted of a crime or knew the defense attorney. These reasons have been held legitimate race-neutral reasons for peremptory strikes. Weaver v. State, 678 So.2d 260 (Ala.Cr.App.1995); Bennett v. State, 659 So.2d 176 (Ala.Cr.App.1994). Nothing was presented to the trial court to imply that the remaining two white males were struck by the prosecution “because of’ instead of “in spite of’ race and gender. “[T]he ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike.” Purkett v. Elem, — U.S.—, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995). The record does not reflect the ethnic composition of the jury panel.
*491 “ ‘The trial judge “plays a ‘pivotal role’ in determining whether a prima facie case has been made under Batson because he or she observes the voir dire procedure firsthand and is in a far better position than we to assess the prosecutor’s decisions.” ... An appellate court may reverse the trial court’s determination that the prosecutor’s peremptory challenges were not motivated by intentional discrimination only if that determination is “clearly erroneous.” Ex parte Branch, 526 So.2d at 625.”
“Mitchell v. State, 579 So.2d 45 (Ala.Cr.App.1991), cert. denied, 596 So.2d. 954 (Ala.1992).”
Bell v. State, 676 So.2d 1349 (Ala.Cr.App.1995).
Based on the facts in this case, the trial court’s ruling is not clearly erroneous.
II
The appellant contends that the trial court erred in failing to give the following requested charge:
“I charge you ladies and gentlemen of the jury that after hearing the evidence you have a reasonable doubt as to whether the killing was unlawful or justifiable, you must acquit.”
C.R. 42.
The appellant argues that the trial judge failed to properly instruct the jury on reasonable doubt as that standard relates to whether the killing was unlawful or unjustifiable. We have read the trial court’s jury, charge and find the trial court properly charged the jury on reasonable doubt, self-defense, and the use of deadly force. R. 204, 209-10. Therefore, the rule of law in appellant’s requested charge was redundant. Dill v. State, 600 So.2d 343 (Ala.Cr.App.1991), aff'd 600 So.2d 372 (Ala.1992), cert. denied, 507 U.S. 924,113 S.Ct. 1293,122 L.Ed.2d 684 (1993).
“‘The refusal of a requested written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court’s oral charge or in other charges given at the request of the parties.’ Rule 21.1, Ala.R.Cr.P. In its charge to the jury, the trial court gave substantially the same rule of law as stated in the appellant’s requested charge; therefore, the trial court did not err in refusing the charge.”
McKinney v. State, 654 So.2d 95, 100 (Ala.Cr.App.1995). We find no error in the trial court’s refusal to give the requested charge.
Ill
The appellant contends that the trial court erred in denying his motion for a new trial based on the ground that the verdict was contrary to the weight of the evidence. He argues that the evidence was not sufficient for the jury to find that the appellant did not act in self-defense.
The prosecution presented sufficient evidence from which the jury could conclude that the appellant was not acting in self-defense. Evidence was presented that the appellant approached the victim, instigated an argument, and failed to retreat even though the circumstances indicated that retreat was an option.
““““The weight and credence given the testimony of the accused as to the issue of self-defense is a question for the jury.” Garraway v. State, 337 So.2d 1349, 1353 (Ala.Cr.App.1976).’ ” ’ Brooks v. State, 630 So.2d 160, 162 (Ala.Cr.App. 1993). ‘ “ ‘The issue of self-defense invariably presents a question for the jury whose verdict will not be disturbed on appeal. “Even if the evidence of self-defense is undisputed, the credibility of the defendant with respect to the evidence of self-defense is for the jury, and [it] may, in [its] discretion, accept it as true or reject it.” Mack v. State, 348 So.2d 524, 529 (Ala.Cr.App.1977).’ ” ’ Brooks v. State, 630 So.2d 160,162 (Ala.Cr.App.1993).”
Worthington v. State, 652 So.2d 790, 794 (Ala.Cr.App.1994).
The question of the appellant’s guilt has been decided by a jury, which apparently *492 rejected the appellant’s claim that he was acting in self-defense when he killed the victim. “ ‘When the jury’s verdict is supported by the evidence, this court’s function is not to reweigh the evidence or [to] substitute its judgment for that of the jury.’ Gayle v. State, 616 So.2d 378, 380 (Ala.Cr.App.1993).” Worthington v. State, 652 So.2d 790, 794 (Ala.Cr.App.1994).
IV
The appellant contends that he did not receive a copy of the pre-sentence report in a reasonable time before the sentence hearing to rebut the allegedly derogatory hearsay therein. The appellant argued at trial that he “received this report this morning, [and since then] he has been in court.” R. 236. The record does not disclose how much time elapsed between the appellant’s receipt of the report and the trial. However, the trial judge stated that he “was a little concerned with counsel for the defense just now getting this report this morning.” R. 237. The trial court noted that Rule 26.3(e), Ala.R.Crim.P., requires prior notice and does not indicate what constitutes reasonable pri- or notice. “[A] determination of how much notice is ‘reasonable’ is a matter left to the trial court’s sound discretion.” Howington v. State, 622 So.2d 896 (Ala.1993). This court has held that 24 hours is sufficient. Henderson v. State, 583 So.2d 276 (Ala.Cr. App.1990), aff'd 583 So.2d 305 (Ala.1991), cert. denied, 503 U.S. 908,112 S.Ct. 1268,117 L.Ed.2d 496 (1992). Nevertheless, the appellant asked this court to “disregard any information in the section concerning reputation and community activities, or as an alternative, [grant] a continuance on the sentence hearing until [the appellant] would have the opportunity to possibly investigate and present any rebuttal information he wishes to.” R. 236.
The prosecution responded that the appellant did not “have anything to prove” in rebuttal. The prosecution stated that the appellant, in his request, was referring to three events: one event had been community knowledge for a long time and as to that, the prosecution argued, the appellant could not claim surprise; the second event was a matter of public record in Washington County; and the third event was insignificant. R. 237. “It is well settled that in imposing sentence a trial judge may consider evidence of criminal conduct not resulting in a conviction.” Kuenzel v. State, 577 So.2d 474 (Ala.Cr.App.1990), aff'd 577 So.2d 531 (Ala.1991), cert. denied, 502 U.S. 886, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991).
The appellant did not receive an adverse ruling upon which to predicate raising this on appeal. The trial judge refused to continue the sentence hearing. However, the trial judge acknowledged that some of the charges reflected on the presentence report had been dismissed and that one allegation had not resulted in any charge. R. 238. The trial judge stated that he would consider other objectionable information in light of the fact that it was hearsay and that he would weigh it accordingly. Therefore, it appears from the record that the trial court complied with the appellant’s request to disregard the objectionable contents of the presentence report. “Where the trial court sustains the defendant’s objection, there is ‘no adverse ruling and nothing is preserved for our review.” Hardeman v. State, 651 So.2d 59 (Ala.Cr.App.1994). “[W]here a trial judge imposes a sentence within the statutory range, this Court will not disturb that sentence on appeal absent a showing of an abuse of the trial judge’s discretion.” Brown v. State, 611 So.2d 1194 (Ala.Cr.App.1992).
Furthermore, we note that the grounds for the appellant’s motion for a continuance were not persuasive. He stated that, if a continuance were granted he might “possibly” investigate and present a rebuttal if he “wishes” to. Nevertheless, because the trial court disregarded certain objectionable information in the report as the defense requested and because it considered other information in light of the fact that it was hearsay, the appellant was not prejudiced by the trial court’s failure to grant a continuance.
We note that the presentence report is prepared for the judge’s benefit. Henderson v. State, 583 So.2d 276 (Ala.Cr.App.1990), aff'd, 583 So.2d 305 (Ala.1991), cert. denied, 503 U.S. 908,112 S.Ct. 1268, 117 L.Ed.2d 496 (1992). Here we find no abuse of discretion *493 in the trial court’s evaluation of the presen-tenee report.
We find no error with the rulings of the trial court and therefore affirm the appellant’s conviction.
AFFIRMED.
All the Judges concur.